**ORIGINAL**

FILED
2012 APR 27 P 3:48
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**BERMAN DEVALERIO**
Joseph J. Tabacco, Jr., Esq. (SBN 75484)
jtabacco@bermandevalerio.com
Christopher T. Heffelfinger, Esq. (SBN 118058)
cheffelfinger@bermandevalerio.com
Anthony D. Phillips (SBN 259688)
aphillips@bermandevalerio.com
One California Street, Suite 900
San Francisco, California 94111
Telephone: 415.433.3200
Facsimile: 415.433.6382

Robert J. Axelrod, Esq.
rjaxelrod@pomlaw.com
**POMERANTZ HAUDEK**
 **GROSSMAN & GROSS LLP**
100 Park Avenue
New York, New York 10017
Telephone: 212.661.1100
Facsimile: 212.661.1373

Judd B. Grossman, Esq.
jgrossman@grossmanllp.com
**GROSSMAN LLP**
590 Madison Avenue, Suite 1800
New York, New York 10022
Telephone: 646.770.7445
Facsimile: 212.521.4044

*Attorneys for Plaintiff*

E-filing

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CV 12 2131    HRL

| | |
|---|---|
| ROBERT HERSKOWITZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>APPLE, INC.,<br><br>　　　　　　　　Defendants. | No.<br><br>**COMPLAINT**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff Robert Herskowitz, individually and on behalf of all others similarly situated, by and through his undersigned attorneys, for his Complaint against defendant Apple, Inc. ("Apple"), states as follows on knowledge as to himself and his own acts and on information and belief as to all other matters, which will likely have evidentiary support after a reasonable opportunity for discovery:

## NATURE OF THE ACTION

1. This is a nationwide putative class action for damages and injunctive relief relating to Apple's unlawful policy and practice of refusing to refund Apple's customers who have been overcharged for purchases of products and services from Apple's "e-Stores" in violation of the customer agreements governing those transactions, the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, and common law.

2. Apple is a multinational corporation that designs and sells consumer electronics, computer software, and personal computers. It is the largest publicly traded company in the world by market capitalization, and the largest technology company in the world by revenue and profit, worth more than Google and Microsoft combined.

3. Apple's hardware products include the iPhone, the iPad, the iPod Touch, and the Mac personal computer. Apple customers can purchase songs, videos, and books for use on these devices through the App Store, the iTunes Store, the iBookstore, and the Mac App Store (collectively, the "Apple Stores" or the "e-Stores"). Customers' use of the Apple Stores is governed by Apple's standard "Terms and Conditions" (the "Agreement").

4. Under the Agreement, as with any consumer transaction, customers are to be billed only once for the products and services they purchase. Apple, however, has "double billed" customers for purchases made through the Apple Stores. Even more troubling, Apple has implemented a policy and practice of refusing to refund the extra charge to customers who have been overbilled, causing their credit cards or PayPal accounts to be billed twice for a single purchase.

5. That is what happened to Plaintiff Robert Herskowitz. On or about December 2, 2010, Mr. Herskowitz was charged twice for purchasing a single song. When Mr. Herskowitz

CLASS ACTION COMPLAINT           1

brought this overcharge to Apple's attention, he was told that Apple would not refund the overcharge based on its purported no-refund policy:

> Your request for a refund for "Whataya Want from Me" was carefully considered; however, according to the iTunes Store Terms of Sale, all purchases made on the iTunes Store are ineligible for refund. This policy matches Apple's refund policies and provides protection for copyrighted materials.

But the Agreement governing the "use of" the Apple Stores says no such thing.

6. Upon information and belief, this policy has resulted in substantial numbers of Apple customers throughout the country having been double billed by Apple.

7. Apple's practice and policy of refusing to refund payments made by customers who have been double billed violates the terms of the Agreement, California statutory law, and common law. Accordingly, Plaintiff seeks to maintain this nationwide class action to recover damages for all customers who have been overbilled and to obtain equitable relief enjoining Apple's enforcement of its blatantly illegal "no refund" policy.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Apple because: (1) Apple's principal place of business is in Cupertino, California, which is in the District; (2) Apple conducts substantial business in the State of California; and (3) Apple has sufficient minimum contacts with California, or otherwise intentionally avails itself of the markets within California, through the collection of monies and the distribution of its services in California, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

9. Subject-matter jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because Plaintiff and Apple are from different states and the amount in controversy exceeds $5 million.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because the acts upon which this action is based occurred in part in this District. Apple received substantial compensation and profits from the sale of its products and services in this District, and Apple entered into agreements and transactions and/or breached agreements in this District. Thus, Apple's liability arose, in part, in this District.

## PARTIES

11. Plaintiff Robert Herskowitz is a New York domiciliary.

12. Defendant Apple is a California corporation with its principal place of business in Cupertino, California.

## FACTUAL ALLEGATIONS

13. Apple is a multinational corporation that designs and sells consumer electronics, computer software, and personal computers. Apple's hardware products include the Mac personal computer, the iPhone, the iPad, and the iPod Touch.

14. Through the iTunes media browser, which Apple describes as "a free application" that "lets you organize and play digital music and video on your computer," customers can purchase music, videos, and songs, among other things, from the "iTunes Store," a software-based online digital-media store operated by Apple. Launched on or about April 2003, the iTunes Store has over 200,000 items to purchase, making it the number-one music vendor in the United States.

15. On July 10, 2008, Apple launched its "App Store," a digital-application distribution platform developed and maintained by Apple that allows users to browse and purchase applications (commonly referred to as "apps"). The App Store offers more than 600,000 apps for iPhones, iPads and iPod Touches. By July 2011, Apple customers had downloaded over 15 billion apps from the App Store, and the App Store already has generated billions of dollars in revenue for Apple and its developers

16. On January 6, 2011, Apple launched the Mac App Store, allowing customers to purchase and download applications for personal Mac computers. According to Apple, "[t]he Mac App Store is just like the App Store for iPhone, iPod touch, and iPad." Within twenty-four hours of the Mac App Store's release, Apple announced that customers had downloaded more than one million applications from the Mac App Store.

17. Apple's iBookstore is part of iBooks, Apple's e-book application allowing customers to download and read books from the iPhone, the iPad, and the iPod Touch. From

the iBookstore, customers can browse "700,000 books and counting" by title, author, or genre, and view featured books available on the New York Times bestseller lists.

18. The "use of the" Apple Stores is governed in every case by Apple's standard "Terms and Conditions":

> THE LEGAL AGREEMENTS SET OUT BELOW GOVERN YOUR USE OF THE ITUNES STORE, MAC APP STORE, APP STORE, AND IBOOKSTORE SERVICES. TO AGREE TO THESE TERMS, CLICK "AGREE." IF YOU DO NOT AGREE TO THESE TERMS, DO NOT CLICK "AGREE," AND DO NOT USE THESE SERVICES.

*See* www.apple.com/legal/itunes/us/terms.html.

19. Customers cannot make any purchases through the Apple Stores without agreeing to these Terms and Conditions. Accordingly, every customer, including Plaintiff, entered into the Agreement with Apple prior to using the Apple Stores to purchase products or services.

20. Under the Agreement, Apple may only charge customers "for any products purchased and for any additional amounts (including any taxes and late fees, as applicable) that may be accrued by or in connection with your Account."

21. Apple's "refund policy," as stated in the Agreement, provides that the Apple Stores "do not provide price protection or refunds in the event of a price reduction or promotional offering." Accordingly, by its own terms, Apple's "no refund" policy is limited to "the event of a price reduction or promotional offering." In fact, the Agreement explicitly provides for the "remedy" of "a refund" in other circumstances, including if: (1) "a product becomes unavailable following a transaction but prior to download," and (2) "technical problems prevent or unreasonably delay delivery of your product."

22. Under the Agreement, as with any consumer transaction, Apple may bill customers only once for each product or service that is purchased. With troubling regularity, however, Apple has "double billed" customers for purchases made through the Apple Stores. In those cases, when a customer purchases a song, movie, or book, Apple bills that customer twice for the same download. Apple, however, has effectuated a policy and practice of refusing to refund the extra charge to customers whom it has overbilled.

23. That is what happened to Plaintiff Robert Herskowitz. On or about December 2, 2010, Mr. Herskowitz purchased twenty-two songs from the iTunes Store. However, Apple double billed Plaintiff for one of his selections, a "pop" song entitled, "Whataya Want from Me." In other words, Apple billed Mr. Herskowitz a total of $2.58 for a song that cost $1.29 to download.

24. Later that same day, December 2, 2010, Plaintiff reported the double billing to Apple, which generated an automated message stating an iTunes representative is "reviewing your request and will send you a personal response soon."

25. On December 3, 2010, Apple e-mailed Plaintiff denying his request for a refund based on its purported no-refund policy:

> Your request for a refund for "Whataya Want from Me" was carefully considered; however, according to the iTunes Store Terms of Sale, all purchases made on the iTunes Store are ineligible for refund. This policy matches Apple's refund policies and provides protection for copyrighted materials.

26. Mr. Herskowitz is not the only customer in the United States to have been denied a refund by Apple. Upon information and belief, this policy has resulted in substantial numbers of Apple customers throughout the country having been double billed by Apple.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this purported class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all others similarly situated based on his own circumstances as a representative member of the following proposed class (the "Class"):

> All individuals or entities who purchased products and services from the App Store, the iTunes Store, the iBookstore, and/or the Mac App Store and who were billed more than once and paid Defendant for the same product or services.

28. Specifically excluded from the proposed Class are the Court and its staff, Apple, any entity in which Apple has a controlling interest, and the officers, directors, affiliates, legal representatives, successors, subsidiaries, and/or assigns of any such entity.

29. The proposed Class meets all requirements for class certification.

**NUMEROSITY**

30. The proposed Class is so numerous that the individual joinder of all its members in one action is impracticable. While the exact number and the identities of Class members are unknown at this time and can only be ascertained through investigation and discovery in this action, Apple conducts business nationwide and, on information and belief, there currently are over 50 million Apple Store customers in the United States—that is approximately one quarter of the country's internet users.

**EXISTENCE AND PREDOMINANCE OF
COMMON QUESTIONS OF LAW AND FACT**

31. Plaintiff seeks common equitable relief, including declaratory, injunctive, restitutionary and other equitable monetary relief, and common measures of economic, compensatory, exemplary and/or statutory damages as set forth more fully below. This includes, but is not limited to, full credits for and/or repayment of the improper charges, or any other monies that were improperly required to be expended as a result of Apple's wrongdoing, plus interest thereon.

32. Common questions of law and fact arising out of the claims here at issue exist as to all members of the Class and predominate over any potential individual issues. These common legal and factual questions include, but are not limited to, the following:

(a) Whether Apple breached the Agreement with its Apple Stores customers;

(b) Whether Apple's course of conduct was unfair, unreasonable or unconscionable or constitutes acts of unfair competition, misleading or deceptive acts or practices;

(c) Whether Apple improperly imposed certain charges that were not to be imposed upon the Class as it was either improper to do so or was not authorized by the Class;

(d) The amount of revenues and profits Apple received and/or the amount of monies or other obligations imposed on or lost by Class as a result of such wrongdoing;

(e) Whether the Class is threatened with irreparable harm or is otherwise entitled to injunctive and other equitable relief; and

(f) Whether the Class is entitled to payment of equitable monetary relief, actual, incidental, consequential, exemplary and/or statutory damages, plus interest thereon.

## TYPICALITY OF CLAIMS

33. Plaintiff's claims are typical of the claims of the Class. Plaintiff, like the members of the Class, was a victim of the illegal practices in question by being wrongfully charged, and by not receiving reimbursement of such charges plus interest thereon.

34. Plaintiff and the Class have similarly had their legal rights infringed upon, sustained injuries, losses and damages as described herein and/or are facing irreparable harm arising out of Apple's common course of conduct. The right of Plaintiff and each member of the Class to payment of any actual, incidental, consequential, exemplary and/or statutory damages or equitable monetary relief resulting therefrom equally arise from and are attributable to Apple's wrongful conduct in violation of the laws alleged herein, as these claims arise from the same core set of facts.

## ADEQUATE REPRESENTATION

35. Plaintiff will fairly and adequately protect the interests of the members of the Class because: (1) he has no irreconcilable conflicts with or interests materially antagonistic to those of the other Class members; (2) the Plaintiff's interests are aligned with the interests of the Class; and (3) Plaintiff understands the nature of these allegations and his responsibilities as class representative to represent the interests of those persons who have been overbilled by Apple.

36. Plaintiff has retained attorneys who are experienced in the prosecution of class actions, including consumer class actions, who have done significant work investigating or identifying potential claims in this litigation, who have extensive knowledge of the applicable law, and who have committed and will continue to commit substantial resources to representing the Class.

## SUPERIORITY AND MANAGEABILITY OF CLASS LITIGATION

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy and possesses substantial benefits because there is no other available method that has greater practical advantages for handling this litigation on a group-wide basis on behalf of all affected persons.

38. Individual joinder of all Class members is impracticable as Class members are dispersed throughout the country, and no other method of adjudication of all claims asserted herein is more efficient and manageable while at the same time providing all the remedies available to ensure that the full purpose of the relevant laws is effectuated.

39. Because the damages suffered by each individual member of the Class are relatively insubstantial, the liability issues detailed herein predominate, and the relief sought is discrete, the expense and burden of individual litigation in order to obtain such relief would make it difficult or impossible for individual members of the Class to redress the wrongs done to them on an individual case-by-case basis, and the cost to the court system of adjudicating such litigation on an individual basis would be substantial. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.

40. Upon information and belief, the names and addresses of some, if not all, Class members appear in a computer database under Apple's control, so notice of the pendency and any resolution of this action can be provided in a cost-effective manner to the Class members through publication and/or individual mailed or electronic notice.

## COUNT I
### (Breach of Contract)

41. Plaintiff repeats and realleges each and every allegation contained above as if set forth fully herein.

42. Apple's customers cannot make any purchases through the Apple Stores without agreeing to accept and be bound by the Agreement. Accordingly, every customer, including

Plaintiff, entered into the Agreement with Apple prior to using the Apple Stores to purchase products or services.

43. Plaintiff has performed all, or substantially all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the Agreement.

44. On or about December 2, 2010, Plaintiff requested that Apple refund the amount of $1.29 that Apple had overbilled Plaintiff in connection with his purchase of a song on iTunes.

45. On or about December 3, 2010, Apple breached the Agreement by refusing to refund to Plaintiff the $1.29 that it had overbilled Plaintiff. Apple also double billed or overcharged the Class members for their purchases under the Agreement, but to date Apple has not refunded those overcharges.

46. As a result of Apple's breach of the Agreement, Plaintiff and the Class members have been damaged in an amount to be determined at trial, but in no event less than $5 million, exclusive of interest and costs.

## COUNT II
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

47. Plaintiff repeats and realleges each and every allegation contained above as if set forth fully herein.

48. Apple entered into the Agreement with Plaintiff and the Class. There exists in the Agreement an implied promise of good faith and fair dealing.

49. Plaintiff has performed all, or substantially all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the Agreement.

50. Apple unfairly interfered with the rights of Plaintiff to receive the benefits of the Agreement by double billing and otherwise overcharging Plaintiff for services and products purchased under the Agreement. Accordingly, Apple breached the implied covenant of good faith and fair dealing.

51. As a direct and proximate result of the aforesaid violations, Plaintiff and the Class have suffered economic damage in an amount to be determined at trial, but in no event less than $5 million, exclusive of interest and costs.

**COUNT III**
**(Violations of Cal. Bus. & Prof. Code § 17200, *et seq.*)**
**Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.**

52. Plaintiff brings this cause of action on behalf of himself, on behalf of the Class, and in his capacity as private attorney general against Apple for its unlawful, unfair, and/or deceptive business acts and practices under California's Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.*, prohibiting unlawful, unfair, and/or deceptive business acts and practices.

53. Apple has double billed and overcharged customers, including Plaintiff, who have purchased products and services from the Apple Stores.

54. Apple has failed to refund overcharges and Apple has refused to accede to the Plaintiff's request for a refund. Upon information and belief, Apple likewise has failed and refused, and in the future will fail and refuse, to accede to other requests for refunds by Plaintiff and the Class members. Upon information and belief, Apple will continue to commit those acts unless the Court orders Apple to cease and desist.

55. Apple's acts hereinabove alleged are immoral, unethical, oppressive and/or unscrupulous and caused and will cause injuries to consumers and, therefore, constitute unfair competition within the meaning of California's Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200 *et seq.*

56. Apple's purported "no-refund policy" under the Agreement precluding refunds to customers who have been double billed or overcharged is unconscionable within the meaning of Cal. Civ. Code § 1670.5. Accordingly, Apple's policy and/or practice under the Agreement of refusing to award refunds to customers who have been double billed or overcharged constitute an unlawful business act or practice within the meaning of the Business and Professions Code §§ 17200 *et seq.*

57. As a direct and proximate result of the aforesaid violations, Plaintiff and the Class have suffered substantial economic harm in an amount to be determined at trial, but in no event less than $5 million, exclusive of interest and costs. Because the injuries alleged herein occurred without the knowledge or permission of Plaintiff or the Class, they could not have avoided such injuries.

58. As a direct and proximate result of Apple's violation of the UCL, Apple has been unjustly enriched and should be required to make restitution to Plaintiff and the Class or disgorge its ill-gotten gains under UCL § 17203.

59. Plaintiff, on behalf of himself and the Class, demands judgment against Apple for injunctive relief in the form of restitution, an injunction enjoining Apple from implementing its "no refund" policy concerning double billing and overcharges, and/or disgorgement of funds paid to Apple as alleged herein.

## COUNT IV
### (Unjust Enrichment)

60. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

61. Apple overbilled Plaintiff for purchases of products and services from the Apple Stores. Apple has not refunded the overcharges, and refused Plaintiff's demand for a refund.

62. As a result of Apple's conduct, Plaintiff overpaid for products purchased from the Apple Stores. Accordingly, Apple has been unjustly enriched to Plaintiff's direct detriment.

63. It is against equity and good conscience to permit Apple to benefit from overcharging and double billing Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Apple as follows:

A. Requiring Apple to pay damages, plus interest, sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

B. Requiring Apple to refund to Plaintiff and the Class the amounts of all double billings or overcharges;

C. Enjoining Apple from implementing its "no refund" policy concerning double billing and overcharges;

D. Imposing punitive damages on Apple by virtue of its willful and intentional misconduct;

E. Awarding Plaintiff his costs, expenses, disbursements and reasonable attorneys' fees in an amount to be determined at trial; and

F. Awarding Plaintiff such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury of all issues that may be so tried.

Dated: April 27, 2012

BERMAN DEVALERIO

By: _____
Joseph J. Tabacco, Jr., Esq.
jtabacco@bermandevalerio.com

Christopher T. Heffelfinger, Esq.
cheffelfinger@bermandevalerio.com
Anthony D. Phillips
aphillips@bermandevalerio.com
One California St., Suite 900
San Francisco, California 94111
Telephone: 415.433.3200
Facsimile: 415.433.6382

Robert J. Axelrod, Esq.
rjaxelrod@pomlaw.com
**POMERANTZ HAUDEK
  GROSSMAN & GROSS LLP**
100 Park Avenue
New York, New York 10017
Telephone: 212.661.1100
Facsimile: 212.661.1373

Judd B. Grossman, Esq.
jgrossman@grossmanllp.com
**GROSSMAN LLP**
590 Madison Avenue
18th Floor
New York, New York 10022
Telephone: 646.770.7445
Facsimile: 212.521.4044