PENELOPE A. PREOVOLOS (CA SBN 87607)
PPreovolos@mofo.com
TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
SUZANNA P. BRICKMAN (CA SBN 250891)
SBrickman@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HERSKOWITZ, individually and on behalf of all others similarly situated, v. APPLE INC. | Case No. 5:12-cv-02131-LHK |
| PHOEBE JUEL, an individual and on behalf of all others similarly situated, v. APPLE INC. | Case No. 5:12-cv-03124-LHK |
| | **CLASS ACTION** |
| | **NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | Hearing Date: November 8, 2012<br>Time: 1:30 p.m.<br>Courtroom: Hon. Lucy H. Koh |

MOTION TO CONSOLIDATE RELATED ACTIONS; MPA ISO THEREOF
CASE NO. 5:12-CV-02131-LHK
sf-3175251

**NOTICE OF MOTION AND MOTION TO CONSOLIDATE**

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE on November 8, 2012, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Lucy H. Koh, Judge of the United States District Court for the Northern District of California, San Jose Division, located at 280 S. First Street, San Jose, CA 95113, Defendant Apple Inc. will and hereby does move pursuant to Federal Rule of Civil Procedure 42(a) for an order consolidating, for all purposes, the following related cases:

- *Herskowitz v. Apple Inc.*, No. 5:12-cv-02131-LHK (N.D. Cal.)
- *Juel v. Apple Inc.*, No. 5:12-cv-03124-LHK (N.D. Cal.)

These cases involve common questions of law and fact arising from substantially the same allegations, and thus should be consolidated before this Court. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Tiffany Cheung in support thereof, all pleadings and papers filed herein and in each case, and such additional evidence and oral argument the Court may consider and any other matters properly before the Court.

**ISSUE TO BE DECIDED**

**(Civil Local Rule 7-4(a)(3))**

In the interests of judicial economy and promoting fair and efficient litigation, should the Court consolidate for all purposes two substantially overlapping purported class actions that have already been related by this Court and that allege substantially similar underlying facts and legal claims?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Two cases presently pending before this Court assert the same core claim: that the named plaintiff in each case was allegedly charged more than once for the same iTunes song. The cases are *Herskowitz v. Apple Inc.*, No. 5:12-cv-02131-LHK (N.D. Cal.) and *Juel v. Apple Inc.*, No. 5:12-cv-03124-LHK (N.D. Cal.). The cases assert the same basic facts and legal theories against a single, common defendant, Apple. Accordingly, the cases should be consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.[1]

Consolidation is appropriate where actions "involve a common question of law or fact" and consolidation will result in greater efficiency. Fed. R. Civ. P. 42(a). Here, the two complaints do not merely involve "a" common question of law and fact; they involve the same central claim, the same basic facts and legal theories, and substantially overlapping purported nationwide classes. Notably, Apple's motion to relate the cases was not opposed by either plaintiff; the cases have been related and assigned to this Court. Consolidation will avoid duplicative and inefficient proceedings — including motion practice and discovery — and will prevent the unnecessary expenditure of resources by the parties and the Court. Apple requests that the Court consolidate the cases, appoint lead counsel, and require the filing of a superseding consolidated complaint.

**II.     PROCEDURAL BACKGROUND**

*Herskowitz v. Apple Inc.*, No. 5:12-cv-02131-LHK (N.D. Cal.), was filed on April 27, 2012, in the United States District Court for the Northern District of California; Apple was served on May 7, 2012. Herskowitz filed an amended complaint on June 15, 2012. (*Herskowitz* ECF No 12) *Juel v. Apple Inc.*, No. 5:12-cv-03124-LHK (N.D. Cal.), was filed on April 20, 2012, in Santa Clara Superior Court; Apple was served on May 18, 2012. Apple removed the *Juel* action to the United States District Court for the Northern District of California on June 15, 2012.

---

[1] Apple does not concede the truth of any of the factual allegations, any violations of any law, or that certification of the putative classes is proper under Federal Rule of Civil Procedure 23.

1    On June 27, 2012, Apple moved to relate the *Juel* action to the *Herskowitz* action, on the
2  grounds that the cases involve substantially overlapping factual allegations and legal claims on
3  behalf of overlapping purported classes against the same defendant. (*Herskowitz* ECF No. 13)
4  Notably, neither Herskowitz nor Juel opposed the motion. On July 10, 2012, the Court granted
5  Apple's motion, related *Juel* to *Herskowitz*, and reassigned *Juel* to this Court. (*Herskowitz* ECF
6  No. 15, *Juel* ECF No. 17)

7    Shortly after the Court related the two actions, counsel for Apple contacted counsel for
8  Herskowitz and counsel for Juel to inquire whether plaintiffs would file a consolidated complaint.
9  (Declaration of Tiffany Chung In Support of Motion to Consolidate Related Actions ("Cheung
10 Decl."), ¶ 5) At that time, neither plaintiff had made a final decision. (*Id.*) Accordingly, on July
11 20, 2012, the parties in both actions stipulated to extend Apple's time to respond to August 10,
12 2012. (*Herskowitz* ECF No. 17; *Juel* ECF No. 21) On July 25, 2012 counsel for Herskowitz
13 informed counsel for Apple that Herskowitz would not agree to file a consolidated complaint.
14 (Cheung Decl. ¶ 5) On July 27, 2012, counsel for Juel informed counsel for Apple that Juel
15 would oppose consolidation. (*Id.*) Apple immediately began preparing a motion to consolidate
16 the related actions and to require the filing of a consolidated complaint. (*Id.* ¶ 6) In accordance
17 with the Court's standing orders, on August 1, 2012, Apple requested a hearing date for this
18 motion and was informed that the earliest available hearing date was November 8, 2012. Apple
19 has thus noticed this motion for November 8, but intends to file a motion to request that the Court
20 set an earlier hearing date for this motion if one becomes available.

21    Because consolidation is necessary to prevent duplicative and inefficient litigation,
22 including duplicative and inefficient motion practice regarding the two complaints, Apple has
23 filed the present motion.

24    **III.    ARGUMENT**

25    Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may consolidate
26 actions involving "a common question of law or fact." Fed. R. Civ. P. 42(a). This rule provides
27 courts with "broad discretion . . . to consolidate cases pending in the same district." *Investors*
28 *Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989); *see also Brown v. Kelly*, No. C 06-

04671 JW, 2006 U.S. Dist. LEXIS 89162, at *3 (N.D. Cal. Nov. 27, 2006). Courts should consolidate cases where doing so will "avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact." *Miller v. Ventro Corp.*, No. 01-CV-1287 SBA, 2001 U.S. Dist. LEXIS 26027, at *8 (N.D. Cal. Nov. 28, 2001). In evaluating the merits of consolidation, courts balance the savings of time and effort consolidation will produce against any inconvenience, delay, or expense it would cause. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Chacanaca v. Quaker Oats Co.*, No. C 10-0502 RS, 2011 U.S. Dist. LEXIS 65023, at *5 (N.D. Cal. June 14, 2011). Here, all factors weigh in favor of consolidating the two actions at the current, very early, stage of the proceedings, beginning with a consolidated complaint.

### A. *Herskowitz* and *Juel* Share Common Questions of Law and Fact

The threshold requirement for consolidation under Rule 42(a) is the presence of at least one common question of law or fact. *See Dusky v. Bellasaire Invs.*, No. SACV07-874 DOC (ANx), 2007 U.S. Dist. LEXIS 95501, at *6 (C.D. Cal. Dec. 4, 2007) (noting that while the complaints "differ in specifics," the court "need only find *one* issue of fact or law in common in order to permit consolidation") (emphasis added); *see also In re Apple & AT&TM Antitrust Litig.*, No. C 07-05152 JW, 2008 U.S. Dist. LEXIS 120061, at *6 (N.D. Cal. Apr. 15, 2008) (*sua sponte* order consolidating cases "because they involve[d] substantially the same transaction and parties").

It is evident that the complaints and actions here must be consolidated. They are predicated on the same theory: that the plaintiff was "double billed" for the same song (*Herskowitz*) or was "charged…twice for the [same] song" after she was unable to access the song she had downloaded (*Juel*). (*Herskowitz* Am. Compl. ¶¶ 1, 4-5; *Juel* Compl. ¶¶ 14, 21, 24; *see also* Declaration of Tiffany Cheung In Support of Motion to Consolidate Related Actions ("Cheung Decl."), ¶¶ 3-4) They allege and would require determination of the same basic facts.

The complaints also allege and would require determination of essentially identical legal issues. (Cheung Decl. ¶¶ 3-4) Both complaints allege that the supposed duplicative charges violated the same contract, the iTunes Store Terms and Conditions found at

www.apple.com/legal/Tunes/us/terms.html. (*Herskowitz* Am. Compl. ¶¶ 3-4, 7, 18; *Juel* Compl. ¶¶ 6, 14; *see also* Cheung Decl. ¶¶ 3-4) Both assert the same common-law claims for breach of contract and unjust enrichment (Herskowitz also alleges Apple breached the implied covenant of good faith and fair dealing); moreover, they both bring fraud-based claims (Herskowitz for violation of the UCL's fraud prong; Juel for fraud). (*Herskowitz* Am. Compl.¶¶ 42-51, 53, 68-71; *Juel* Compl.¶¶ 33-57)[2] Because the allegations and claims overlap, Apple's legal defenses to the actions also overlap. (Cheung Decl. ¶¶ 3-4) And the complaints seek substantially the same relief. (*Herskowitz* Am. Compl. at p. 13:5-23; *Juel* Compl. at p. 9:8-15; *see also* Cheung Decl. ¶¶ 3-4)

Finally, the two complaints allege substantially overlapping classes. Both Juel and Herskowitz purport to represent nationwide classes of purchasers of iTunes songs who were allegedly charged more than once for the same song. (*Compare Juel* Compl. ¶ 24 (defining the putative class as purchasers of one or more songs from Apple who were unable to access, use or play the purchased songs; purchased the songs again; and were charged twice for the songs) with *Herskowitz* Am. Compl. ¶ 27 (defining putative class as purchasers of products or services (including iTunes songs) from Apple's online stores who were billed more than once and paid Apple for the same product or services).[3]

This substantial identity of questions of fact and law easily satisfies the requirements for consolidation. *See, e.g.*, *Allen v. Woodford*, No. 1:05-CV-01104-OWW-LJO, 2006 U.S. Dist. LEXIS 93150, at *38 n.4 (E.D. Cal. Dec. 26, 2006) (consolidation proper even where defendants differed); *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNB), 2001 U.S. Dist. LEXIS 6057, at *6-9 (C.D. Cal. Apr. 26, 2001) (granting motion to consolidate class actions where complaints involved substantially same class period, asserted substantially the same claims based on same

---

[2] The *Herskowitz* complaint also includes a claim for violation of the CLRA, as well as a claim under the unfair and unlawful prongs of the UCL. (*Herskowitz* Am. Compl. ¶¶ 52-60; *see also* Cheung Decl. ¶ 3)

[3] Although Herskowitz also purports to allege claims on behalf of a broader class of which he is not a member — purchasers of digital content other than iTunes songs from Apple — the *Herskowitz* class completely subsumes the *Juel* class, and Herskowitz himself, like Juel and the purported class in *Juel,* alleges only purchases of iTunes songs.

1  allegations, and named same defendants); *Yosefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061,
2  1064-65 (C.D. Cal. 1999) (granting motion to consolidate where suits asserted same claims
3  regarding allegedly false and misleading statements made during same time period).

### B. Consolidation Will Enhance Efficiency and Avoid Unnecessary Costs and Delay

Consolidation "is a well-established method of promoting judicial economy and convenience in cases where common issues of law or fact exist with respect to several actions." *Roberts v. Heim*, No. C-84-8069 TEH, 1989 WL 80403, at *1 (N.D. Cal. Mar. 22, 1989), *aff'd*, 42 F.3d 1401 (9th Cir. 1994); *see also EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) (holding consolidation appropriate because it would "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence"); *Dusky*, 2007 U.S. Dist. LEXIS 95501, at *6-8 (consolidating cases where proceeding with dispositive motions in an uncoordinated manner would create a "real risk of inconsistent judgments"). In considering a request for consolidation, a court must weigh efficiency against any inconvenience, delay, or expense. *See Huene*, 743 F.2d at 704.

Here, consolidation is essential for the efficient adjudication of these cases. As an initial matter, a consolidated complaint will maximize efficiencies for the case going forward. Courts have broad discretion to order plaintiffs in consolidated actions to file a consolidated complaint. *See* 8-42 Moore's Federal Practice - Civil § 42.13[5][a] ("The court has power to order the parties to file a single, consolidated complaint. . . . [T]he consolidated complaint has been found to have significant advantages."); *see also* 32-21P Manual for Complex Litigation 21.2 (noting the advantages of a single pleading in class actions); *Katz v. Reality Equities Corp.*, 521 F.2d 1354, 1358 (2d Cir. 1975) (courts have authority to order a consolidated complaint). Without a consolidated complaint, Apple will be required to separately respond to two substantially overlapping complaints. Separate motion practice regarding the complaints will cause significant duplication of effort and inefficiency for the parties and the Court.

Further, a consolidated complaint will facilitate efficient discovery because there will be a single operative pleading from which the parties and the Court may evaluate the scope of

1   discoverable evidence in the event of any discovery disputes. The filing of a consolidated

2   complaint will also greatly simplify all pretrial proceedings. *See e.g. Chacanaca*, 2011 U.S. Dist.

3   LEXIS 65023 at *7-8 (ordering the filing of a consolidated complaint when the defendant's

4   discovery obligation in each matter was "sure to at least overlap," and consolidation would

5   "preclude duplicative class certification proceedings, discovery matters, and dispositive

6   motions."); *Mahan v. Trex Co.*, No. 5:09-cv-00670 JF/PVT, 2010 U.S. Dist. LEXIS 130160, at

7   *12-13 (N.D. Cal. Nov. 22, 2010) ("[T]he revised proposed consolidated complaint 'may benefit

8   both the court and the parties by expediting pretrial proceedings, avoiding duplication and

9   harassment of parties and witnesses, and minimizing expenditure of time and money by all

10  persons concerned.'") (quoting *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161,

11  176 (C.D. Cal. 1976)); *Katz*, 521 F.2d at 1359 (approving the use of a consolidated complaint in

12  order to avoid the "proliferation of duplicative papers" and "direct[] discovery to one

13  complaint"). Plaintiffs in the related cases should be ordered to file a consolidated complaint so

14  that this litigation can proceed on an efficient track at the earliest available opportunity.

15        Consolidation is also essential for multiple reasons in addition to the need for a

16  consolidated complaint. Because the factual issues substantially overlap, the two plaintiffs will

17  require the same discovery from Apple. Consolidation will avoid duplicative discovery requests

18  and responses, depositions, and related discovery motions practice. It will streamline discovery

19  and reduce the burden on the parties, as well as on witnesses who might otherwise be deposed in

20  two separate cases on the same subject matter. *See, e.g.*, *Burnett v. Rowzee*, No. SACV07-641

21  DOC (ANx), 2007 U.S. Dist. LEXIS 89799, at *16 (C.D. Cal. Nov. 26, 2007) (consolidation

22  ordered to allow parties to limit discovery burdens, coordinate discovery motions, and prevent

23  witnesses from appearing more than once); *see also Internet Law Library, Inc. v. Southridge*

24  *Capital Mgmt.*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) ("chief advantage of consolidation is that it

25  avoids the waste associated with duplicative discovery"). Consolidation will also streamline

26  motion practice, summary judgment, trial, and other proceedings that might otherwise be handled

27  piecemeal in two separate cases.

28

Because the cases are in their early stages, no party can claim to be prejudiced or inconvenienced by consolidation at this point in the proceedings. Apple has not responded to the complaint in either action. Consolidation will bring efficiency and consistency to these cases.

### IV. CONCLUSION

For the foregoing reasons, the Court should consolidate these actions. The Court should also appoint lead counsel and require plaintiffs to file a consolidated complaint.

Dated: August 2, 2012

PENELOPE A. PREOVOLOS
TIFFANY CHEUNG
SUZANNA P. BRICKMAN
MORRISON & FOERSTER LLP


By: /s/ Tiffany Cheung
    Tiffany Cheung

    Attorneys for Defendant
    APPLE INC.