1   PENELOPE A. PREOVOLOS (SBN 87607)
    PPreovolos@mofo.com
2   TIFFANY CHEUNG (SBN 211497)
    TCheung@mofo.com
3   SUZANNA P. BRICKMAN (SBN 250891)
    SBrickman@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105-2482
    Telephone:    415.268.7000
6   Facsimile:    415.268.7522

7   *Attorneys for Defendant*
    APPLE INC.

8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11                    **SAN JOSE DIVISION**

12   ROBERT HERSKOWITZ, et al.,            )   No. 5:12-cv-02131-LHK
                                           )   No. 5:12-cv-03124-LHK
13   ─────────────────────────────         )
                                           )   **DEFENDANT APPLE INC.'S**
14   PHOEBE JUEL, et al.                    )   **NOTICE OF MOTION AND**
                                           )   **MOTION TO DISMISS FIRST**
15                          Plaintiffs,    )   **AMENDED CONSOLIDATED**
                                           )   **CLASS ACTION COMPLAINT;**
16        v.                                )   **MEMORANDUM OF POINTS AND**
                                           )   **AUTHORITIES IN SUPPORT**
17   APPLE INC.,                            )   **THEREOF**
                                           )
18                          Defendant.     )   Hearing Date:  April 11, 2013
                                           )   Time:          1:30 p.m.
19                                          )   Courtroom:     8, 4th Floor, San Jose
                                           )                  Hon. Lucy H. Koh
20   ─────────────────────────────         )

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

NOTICE OF MOTION AND MOTION TO DISMISS ......................................................... v

ISSUES TO BE DECIDED ................................................................................................... vi

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

INTRODUCTION ................................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND ........................................................... 3

LEGAL STANDARD ........................................................................................................... 6

ARGUMENT ........................................................................................................................ 7

I.      PLAINTIFFS' CONTRACT-BASED CLAIMS FAIL ............................................. 7

        A.      Plaintiffs' Breach of Contract Claims Fail ................................................... 8

        B.      Plaintiffs' Claims for Breach of the Implied Covenant of Good Faith and
                Fair Dealing Fail ......................................................................................... 11

II.     HERSKOWITZ'S CLRA CLAIM FAILS .............................................................. 12

III.    HERSKOWITZ'S UCL CLAIM FAILS ................................................................ 14

IV.     JUEL'S FRAUD CLAIM FAILS ........................................................................... 16

        A.      Rule 9(b) Applies to Juel's Fraud Claim ................................................... 16

        B.      Juel's Fraud Claim Does Not Satisfy Rule 9(b) ......................................... 17

                1.      Juel Fails to Allege Any Misrepresentation .................................. 17

                2.      Juel Fails to Allege Facts Establishing Justifiable Reliance ......... 18

                3.      Juel Fails to Allege Facts Establishing Knowledge of Falsity or
                        Intent to Defraud ........................................................................... 19

V.      PLAINTIFFS' UNJUST ENRICHMENT CLAIMS FAIL ..................................... 20

VI.     PLAINTIFFS FAIL TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM
        REGARDING PRODUCTS THEY DID NOT PURCHASE, AND LACK
        STANDING TO ASSERT SUCH CLAIMS ........................................................... 21

CONCLUSION ................................................................................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alliance Mortg. Co. v. Rothwell*,
  10 Cal. 4th 1226 (1995) ......................................................................................... 18

*Am. Software, Inc. v. Ali*,
  46 Cal. App. 4th 1386 (1996) ............................................................................... 14

*Apple iPod iTunes Anti-Trust Litig. v. Apple, Inc.*,
  No. C 05-00037 JW, 2010 U.S. Dist. LEXIS 64772
  (N.D. Cal. June 29, 2010) ................................................................... 12, 13, 14, 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................... 6, 7, 19

*Baltazar v. Apple Inc.*,
  No. CV-10-3231-JF, 2011 U.S. Dist. LEXIS 13187 (N.D. Cal. Feb. 10, 2011) .................... 18

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 6

*Belton v. Comcast Cable Holdings, LLC*,
  151 Cal. App. 4th 1224 (2007) ............................................................................. 13

*Cole v. Sunnyvale*,
  No. C-08-05017 RMW, 2010 U.S. Dist. LEXIS 11105 (N.D. Cal. Feb. 9, 2010) ............ 5 n.4

*Corporate Express Office Prods., Inc. v. Van Guelpen*,
  No. C 02-04588 WHA, 2002 U.S. Dist. LEXIS 27642 (N.D. Cal. Dec. 12, 2002) ............... 10

*Dean Witter Reynolds, Inc. v. Superior Court*,
  211 Cal. App. 3d 758 (1989) ................................................................................ 15

*Donohue v. Apple Inc.*,
  No. 11-cv-05337 RMW, 2012 U.S. Dist. LEXIS 65860 (N.D. Cal. May 10, 2012) ............... 8

*Dysthe v. Basic Research LLC*,
  No. 09-8013 AG, 2011 U.S. Dist. LEXIS 137315 (C.D. Cal. Jun. 13, 2011) ....................... 21

*Ferrington v. McAfee, Inc.*,
  No. 10-CV-01455-LHK, 2010 U.S. Dist. LEXIS 106600 (N.D. Cal. Oct. 5, 2010) .............. 12

*Freeman v. Wal-Mart Stores, Inc.*
  111 Cal. App. 4th 660 (2003) ............................................................................... 13

*Harmon v. Hilton Grp.*,
  No. C-11-03677 JCS, 2011 U.S. Dist. LEXIS 136064 (N.D. Cal. Nov. 28, 2011) .......... 13, 14

APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, MPA ISO THEREOF
CASE NOS. 5:12-CV-02131-LHK and 5:12-CV-03124-LHK
sf-3222925

ii

*Hecimovich v. Encinal Sch. Parent Teacher Org.*,
203 Cal. App. 4th 450 (2012) ........................................................................................ 18

*Hoey v. Sony Elecs., Inc.*,
515 F. Supp. 2d 1099 (N.D. Cal. 2007) ........................................................................ 20

*In re iPhone Application Litig.*,
No. 11-MD-02250-LHK, 2011 U.S. Dist. LEXIS 106865
(N.D. Cal. Sept. 20, 2011) ........................................................................ 11, 12, 13, 20

*In re NVIDIA GPU Litig.*,
No. C 08-04312 JW, 2009 U.S. Dist. LEXIS 108500 (N.D. Cal. Nov. 19, 2009) ................ 20

*In re Sony Gaming Networks & Customer Sec. Breach Litig.*,
No. 11md2258 AJB (MDD), 2012 US. Dist. LEXIS 146971 (S.D. Cal. Oct. 11, 2012) ....... 12

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ............................................................................... 16, 17

*Kinderstart.com, LLC v. Google, Inc.*,
No. C 06-2057 JF (RS), 2006 WL 3246596 (N.D. Cal. Nov. 7, 2006) ................................ 11

*Larsen v. Trader Joe's Co.*,
No. 11-05188 SI, slip op. (N.D. Cal. Jun. 14, 2012) ........................................................ 21

*Lazar v. Superior Court*,
12 Cal. 4th 631 (1996) ......................................................................................... 17, 19

*Long v. Hewlett-Packard Co.*,
No. C 06-02816 JW, 2007 U.S. Dist. LEXIS 79262 (N.D. Cal. July 27, 2007),
*aff'd*, 316 Fed. App'x 585 (9th Cir. 2005) ......................................................... 3 n.2

*Manosca v. Wachovia Mortg.*,
No. C 11-2183 SI, 2011 U.S. Dist. LEXIS 78609 (N.D. Cal. July 20, 2011) ...................... 11

*Med. Sales & Consulting Grp. v. Plus Orthopedics USA, Inc.*,
No. 08cv1595 BEN, 2011 U.S. Dist. LEXIS 123497 (S.D. Cal. Oct. 25, 2011) ................... 10

*Mlejnecky v. Olympus Imaging Am. Inc.*,
No. 2:10-CV-02630 ................................................................................... 21, 22 n.6

*Morris v. Redwood Empire Bancorp.*,
128 Cal. App. 4th 1305 (2005) ............................................................................. 14, 15

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) ......................................................................................... 6

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008),
  *aff'd*, 322 Fed. App'x 489 (9th Cir. 2009) ............................................................................ 20

*PAI Corp. v. Integrated Sci Solutions, Inc.*,
  No. C-06-00767 EDL, 2006 U.S. Dist. LEXIS 34828 (N.D. Cal May 22, 2006) .................. 19

*Pokrass v. The DirecTV Grp.*,
  No. EDCV 07-423-VA, 2008 U.S. Dist. LEXIS 110441 (C.D. Cal. July 14, 2008).............. 13

*Progressive W. Ins. Co. v. Superior Court*,
  135 Cal. App. 4th 263 (2005) ................................................................................................ 8

*RealNetworks, Inc. v. DVD Copy Control Ass'n, Inc.*,
  Nos. C 08-4548 MHP, C 08-4719 MHP,
  2010 U.S. Dist. LEXIS 1433 (N.D. Cal. Jan. 8, 2010) ........................................................ 7

*Richardson v. Reliance Nat'l Indem. Co.*,
  No. C 99-2952 CRB, 2000 U.S. Dist. LEXIS 2838 (N.D. Cal. Mar. 9, 2000) ................ 17, 20

*Smith v. Int'l Bhd. of Elec. Workers, Local Union II*,
  109 Cal. App. 4th 1637 (2003) ............................................................................................ 12

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003)........................................................................................ 16, 17

*Wayne Merritt Motor Co. v. N.H. Ins. Co.*,
  No. 11-CV-01762-LHK, 2012 U.S. Dist. LEXIS 105117 (N.D. Cal. July 26, 2012) ............ 18

*Williamson v. Reinalt-Thomas Corp.*,
  No. 5:11-CV-03548-LHK, 2012 U.S. Dist. LEXIS 58639 (N.D. Cal. Apr. 25, 2012)..... 15, 16

*Wofford v. Apple Inc.*,
  No. 11-CV-0034 AJB NLS, 2011 U.S. Dist. LEXIS 129852 (S.D. Cal. Nov. 9, 2011)......... 12

*Wolf v. Walt Disney Pictures & Television*,
  162 Cal. App. 4th 1107 (2008) ............................................................................................ 11

*Wolph v. Acer Am. Corp.*,
  No. C 09-01314 JSW, 2009 U.S. Dist. LEXIS 83681 (N.D. Cal. Sept. 14, 2009) ................ 17

*Yates v. Aurora Loan Servs., LLC*,
  No. C-11-00695-EDL, 2011 U.S. Dist. LEXIS 62644 (N.D. Cal. June 13, 2011)................ 20

*Zody v. Microsoft Corp.*,
  No. 12-cv-00942-YGR, 2012 U.S. Dist. LEXIS 68717 (N.D. Cal. May 16, 2012) .............. 11

**STATUTES**

Cal. Civ. Code § 1770........................................................................................................... 12

APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, MPA ISO THEREOF
CASE NOS. 5:12-CV-02131-LHK and 5:12-CV-03124-LHK
sf-3222925

iv

# NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 11, 2013, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, Courtroom 8, before the Honorable Lucy H. Koh, Defendant Apple Inc. ("Apple") will, and hereby does, move the Court for an order dismissing plaintiffs' First Amended Consolidated Class Action Complaint ("FAC") pursuant to Rules 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure. This motion is based on the Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Apple's Request for Judicial Notice, and the Declaration of Penelope A. Preovolos in support thereof, and other related documents filed in connection with this motion, the papers and records on file in this action, and such other written and oral argument as may be presented to the Court.

# ISSUES TO BE DECIDED

1.     Whether plaintiffs' breach of contract claims should be dismissed where plaintiffs fail to identify any provision of the contract that Apple breached and the agreement that binds the parties expressly bars plaintiffs' claims.

2.     Whether plaintiffs' claims under the implied covenant of good faith and fair dealing should be dismissed where the implied terms alleged are contrary to an express contractual provision.

3.     Whether Herskowitz's claim under the California Legal Remedies Act ("CLRA") should be dismissed where his claims do not involve the sale of a "good" or "service" under the CLRA and he cannot allege facts establishing that any provision of the relevant contract was procedurally or substantively unconscionable.

4.     Whether Herskowitz's claim under the Unfair Competition Law ("UCL") should be dismissed where he cannot allege that Apple engaged in any "unlawful" or "unfair" business practice.

1          5.      Whether Juel's fraud claim should be dismissed where she cannot allege, as

2  required by Rule 9(b), any misrepresentation by Apple, her justifiable reliance on any

3  misrepresentation, Apple's knowledge of the falsity of any representation, and any intent to

4  defraud by Apple.

5          6.      Whether plaintiffs can assert an independent cause of action for unjust enrichment.

6          7.      Whether plaintiffs have alleged facts sufficient to assert claims for products they

7  did not purchase, and whether they have standing to assert such claims.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs Robert Herskowitz and Phoebe Juel purport to bring a nationwide class action against Apple Inc. ("Apple") based on the theory that they were charged twice for downloads of a single iTunes song.  Notwithstanding the Court's ruling requiring that plaintiffs file a consolidated complaint, each plaintiff purports to allege separate theories, classes, and causes of action.  But plaintiffs' core theories are the same and suffer the same fundamental defects.  Plaintiffs do not and cannot point to any legal obligation requiring Apple to provide them with a second download of the same song free of charge.  To the contrary, their agreement with Apple expressly bars that claim, and provided an express and exclusive remedy that plaintiffs ignore.  Similarly, plaintiffs do not and cannot allege that Apple ever represented that purchasers could download a song a second time without paying.  Plaintiffs' lawsuit is without merit.

Plaintiffs concede that their purchases — and their claims — are governed by the iTunes Agreement (collectively the "Agreement"),[1] but ignore the provisions of the Agreement that make clear that their claims are without merit.  The Agreement expressly states that iTunes songs "may be downloaded only once and cannot be replaced if lost for any reason."  And the Agreement provided an express and exclusive remedy for any purchaser whose initial download was not successfully completed or was unreasonably delayed.  But Juel, whose alleged inability to locate her song on her computer was almost certainly due to user error and not to any fault of Apple's, never contacted Apple or attempted to take advantage of her contractual remedy.  Herskowitz seeks to avoid the Agreement's terms by ambiguous pleading, alleging that he was "charged more than once for the same [iTunes song]."  But like Juel, Herskowitz chose to download the same song a second time without first contacting Apple to take advantage of the exclusive contractual remedy available to him.  Plaintiffs' contract claims are meritless.  Similarly, plaintiffs' claims

---

[1] Purchasers of iTunes songs enter into the iTunes Store, App Store, and iBookstore Terms of Sale as well as the iTunes Store Terms and Conditions.  For convenience, the provisions in the Terms of Sale and the Terms and Conditions will be collectively referred to as the "Agreement" herein.

APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, MPA ISO THEREOF
CASE NOS. 5:12-CV-02131-LHK and 5:12-CV-03124-LHK
sf-3222925

1

1  for breach of the implied covenant of good faith and fair dealing fail because they are contrary to

2  the express terms of the contract.

3  Herskowitz's CLRA "unconscionability" theory also fails as a matter of law.  Most

4  simply, the CLRA does not apply to software such as iTunes songs.  Moreover, applicable law

5  establishes an extremely high threshold for unconscionability claims:  A contractual provision

6  that is merely "unreasonable" and does not "shock the conscience" is not unconscionable.

7  Moreover, contracts involving a product that is available from multiple sources or that is

8  nonessential or recreational are not unconscionable.  Herskowitz's UCL "unlawful" theory also

9  fails because it is based solely on his "unconscionability" theory.  And there is nothing "unfair"

10  about Apple's well-disclosed policy that purchasers must pay separately for each download of a

11  song.

12  Juel's fraud claim fails for multiple reasons.  Juel does not come close to meeting Rule

13  9(b)'s heightened pleading requirement that she allege facts establishing the "who, what, when

14  and where" of the alleged fraud.  Juel does not allege *any* representation regarding the supposed

15  right to redownload a song onto the same device for free.  Rather, Juel purports to rely on alleged

16  representations that iTunes purchasers could "burn" iTunes songs to multiple CDs, play songs on

17  multiple devices (by syncing to the computer to which the song was downloaded), or store songs

18  from multiple accounts.  But none of these representations in any way suggests that a song can be

19  downloaded multiple times, let alone downloaded multiple times to a single device, as Juel did,

20  without additional payment.  Nor, critically, does Juel allege that she ever sought to "burn" a song

21  to multiple CDs, play a song on more than one device, or store songs from multiple accounts, let

22  alone that she was unable to do so.  Juel offers no specific allegations, as required under Rule

23  9(b), regarding what representations she saw, where or when she saw them, or her reliance

24  thereon.  She offers only conclusory assertions, not *facts*, regarding the required elements of

25  reliance, knowledge of falsity, and intent to defraud.

26  Plaintiffs do not and cannot point to any legal basis for their supposed right to redownload

27  songs without paying to do so.  Their claims are barred by the express terms of their Agreement

28  with Apple and by their failure to exercise the sole remedy provided thereunder.  Plaintiffs do not

APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, MPA ISO THEREOF
CASE NOS. 5:12-cv-02131-LHK and 5:12-cv-03124-LHK
sf-3222925

2

1  and cannot point to any unconscionable, unfair, or fraudulent conduct by Apple, and their other

2  claims are legally meritless.  The FAC should be dismissed in its entirety.

3  **FACTUAL AND PROCEDURAL BACKGROUND**

4     This consolidated action concerns songs that plaintiffs purchased through Apple's iTunes

5  Store.  Plaintiff Robert Herskowitz filed his initial complaint in this Court, and amended it on

6  June 15, 2012.  That same day, Apple removed a nearly identical class action, *Juel v. Apple Inc.*,

7  to this Court.  On July 10, 2012, the Court related the *Juel* and *Herskowitz* cases (Dkt. No. 15; *see*

8  *also Juel* Dkt. No. 17), and on November 2, 2012, the Court granted Apple's motion to

9  consolidate, over plaintiffs' opposition, because "the plaintiffs in both cases purport to represent

10  nationwide classes of purchasers of iTunes songs who were allegedly charged more than once for

11  the same song."  (Dkt. No. 42 at 2)  Plaintiffs filed their amended consolidated complaint on

12  November 21, 2012.  Their core theory in the consolidated complaint remains that Apple should

13  not have charged a customer more than once for a product even though the customer purchased

14  and downloaded that product more than once.  (*See* FAC ¶¶ 8-11)

15     Plaintiffs concede that prior to purchasing songs through the iTunes Store, they — and

16  each member of the putative class — were shown the Agreement governing their purchases, and

17  that the Agreement binds them.  (*Id.* ¶¶ 24, 25)  Under the Agreement, plaintiffs agreed to "pay

18  for all products [they] purchase through" the iTunes Store.  (*See* Declaration of Penelope A.

19  Preovolos ("Preovolos Decl."), Ex. A at AGMT00001[2]  Plaintiffs further acknowledged that

20  their "ELECTRONIC SUBMISSIONS CONSTITUTE [THEIR] AGREEMENT AND INTENT

21  TO BE BOUND BY AND TO PAY FOR SUCH AGREEMENTS AND TRANSACTIONS."

22  (*Id.* at AGMT00003).

23     Once plaintiffs clicked to electronically submit their song purchases through iTunes, they

24  were obligated to pay for each purchase.  The Agreement clearly stated that:  "All sales . . . of

25      [2] Plaintiffs refer to and quote selectively from the Agreement throughout the FAC, and
26  allege that Apple is bound by that Agreement.  Documents not attached to pleadings may be
   properly considered on a motion to dismiss where they are integral to plaintiffs' claims.  *See Long*
27  *v. Hewlett-Packard Co.*, No. C 06-02816 JW, 2007 U.S. Dist. LEXIS 79262, at *17-18 (N.D. Cal.
   July 27, 2007), *aff'd*, 316 Fed. App'x 585 (9th Cir. 2005); *see also* Apple's Request for Judicial
28  Notice, filed concurrently herewith.

products are final."  (*Id.* at AGMT00001)  Consistent with this provision, the next paragraph

provided that even if there were a later price reduction or promotion, there would be no right to a

refund:  Apple does not "provide price protection or refunds in the event of a price reduction or

promotional offering."  (*Id.*)[3]

Moreover, the Agreement expressly stated in multiple places that the purchase of a

product entitles the customer to only one download of that product.  In the "Usage Rules" section,

the Agreement states in a separate paragraph:

> Products may be downloaded *only once* and cannot be replaced if
> lost for any reason.  Once a Product is downloaded, it is your
> responsibility not to lose, destroy, or damage it, and Apple shall not
> be liable to you if you do so.

(*Id.* at AGMT00006) (emphasis added).  And again, in the section regarding "Disclaimer of

Warranties; Liability Limitation," the Agreement states in all caps: "PRODUCTS CAN BE

DOWNLOADED ONLY ONCE; AFTER BEING DOWNLOADED THEY CANNOT BE

REPLACED IF LOST FOR ANY REASON."  (*Id.* at AGMT00010)  However, the Agreement

provided a remedy if a song was not delivered or unreasonably delayed:

> If technical problems prevent or unreasonably delay delivery of
> your product, your *exclusive and sole remedy* is either replacement
> or refund of the price paid, as determined by Apple.

(*Id.* at AGMT00002) (emphasis added).

Plaintiffs do not allege that they contacted Apple to exercise their contractual rights to a

remedy when the initial download of a song was unsuccessful.  Instead, they both chose to

purchase and download the same song a second time, and were properly charged for those

subsequent purchases.

Notwithstanding the Court's consolidation order, plaintiffs continue to pursue separate

legal claims, purport to represent their own subclasses, and inject artificial distinctions into their

factual allegations.  Juel alleges that on December 31, 2010, she "purchased and downloaded a

---

[3] Plaintiffs allege that the "'no refund' policy is limited to 'the event of a price reduction or promotional offering,'" but when read in context, the Agreement shows that the provision regarding price reductions and promotional offerings further explains, and does not limit, the all-sales-final provision.  (*See* FAC ¶ 27; Preovolos Decl. Ex. A at AGMT00001)

1    song from the Apple Stores pursuant to the Agreement."  (FAC ¶ 10)  She then could not find the

2    song, so she intentionally "downloaded it again," and was thus charged again for it.  (*Id.*)[4]  Juel,

3    however, contends that she should not have been charged twice even though she admits that she

4    intentionally downloaded the song twice.  (*Id.*)

5          Herskowitz's claims — though pled with deliberate ambiguity — are substantively

6    identical.  Herskowitz alleges that on December 2, 2010, he was "charged more than once for the

7    same Product," and Apple refused to refund him under its no-refund policy.  (FAC ¶¶ 7, 8)  While

8    Herskowitz claims that he was improperly "double-billed," he conspicuously omits the

9    circumstances of the alleged "double-billing" — for example, whether he re-purchased and re-

10   downloaded the "same Product," and whether he received the "same Product" more than once.

11   He concedes, however, that the song at issue was one purchase of many — more than 20 — that

12   same day.  (*Id.* ¶ 32)  He does not claim that he was "double-billed" for any of the other songs he

13   purchased.  Herskowitz further alleges that on December 2, 2010, he requested a refund for the

14   song at issue and that Apple denied his refund request.  (*Id.* ¶ 33)  In its response to Herskowitz's

15   refund request, Apple cited to its well-disclosed policy that "all purchases made on the iTunes

16   Store are ineligible for refund," as this policy "provides protection for copyrighted materials."

17   (*Id.* ¶ 34)

18         In the consolidated complaint, Juel purports to quote statements posted on Apple's

19   website.  (FAC ¶¶ 36, 39)  These statements address the ability to "burn songs onto an unlimited

20   number of CDs," "play songs on up to five personal computers" (after syncing onto those

21   computers), or "store Product from up to five different Accounts at a time on compatible

22   devices."  (*Id.*)  The alleged representations say nothing about any right or entitlement to

23   *download* a song twice without paying for each download.  Juel does not allege that she ever

24   attempted to burn a song onto multiple CDs, sync a song onto multiple computers, or store a song

---

25         [4] In her original complaint, Juel admitted that she purchased the song at issue twice.  (*Juel*
26   Orig. Compl. ¶¶ 24, 38, 40, 48)  A court may consider allegations in a prior complaint as part of
       its context-specific inquiry to assess whether an amended complaint plausibly suggests an
27   entitlement to relief.  *See Cole v. Sunnyvale*, No. C-08-05017 RMW, 2010 U.S. Dist. LEXIS
       11105, at *9-11 (N.D. Cal. Feb. 9, 2010).

28

Apple Inc.'s Notice of Motion and Motion To Dismiss, MPA ISO Thereof
Case Nos. 5:12-cv-02131-LHK and 5:12-cv-03124-LHK          5
sf-3222925

on multiple compatible devices, much less that she was ever "double-billed" after doing any of these things.

Both plaintiffs purport to represent a nationwide class, with each plaintiff claiming to represent subclasses that are substantially overlapping, if not identical.  (FAC ¶ 44)  Plaintiffs define the putative class as: "[a]ll individuals or entities who purchased Products from the App Store, the iTunes Store, the iBookstore, and/or the Mac App Store [collectively "e-Stores"] and who were charged more than once and paid Defendant more than once for the same Product." (*Id.*)  Herskowitz claims to represent Subclass A, consisting of "[a]ll individuals or entities who were charged at the time of purchase, and paid Apple, more than once for the same Product . . . ." (*Id.*)  Similarly, Juel purports to represent Subclass B, consisting of "[a]ll individuals or entities who purchased any Product . . . and were billed again for subsequently downloading the same Product." (*Id.*)

Each plaintiff assert claims for breach of contract (FAC ¶¶ 59-73), breach of the implied covenant of good faith and fair dealing (*id.* ¶¶ 74-83), and unjust enrichment (*id.* ¶¶ 101-110). Herskowitz further asserts claims for violation of California's Unfair Competition Law, Cal. Bus. Prof. Code § 17200 *et seq.* ("UCL") and California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA").  (*Id.* ¶¶ 84-100)  Juel alone asserts a claim for fraud.  (*Id.* ¶¶ 111-124)  As discussed below, none of plaintiffs' claims have merit, and the FAC must be dismissed in its entirety.

## LEGAL STANDARD

Courts must accept well-pleaded facts as true for a motion under Federal Rule of Civil Procedure 12(b)(6).  But courts may not accept "naked assertion[s]" or "labels and conclusions" characterized as fact.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Twombly*, 550 U.S. at 556).  Pleadings must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, MPA ISO THEREOF
CASE NOS. 5:12-CV-02131-LHK and 5:12-CV-03124-LHK
sf-3222925

6

1  *Twombly* describes a "two-pronged approach" that, first, sets aside conclusory allegations

2  as "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.  A court is to then determine

3  if the remaining facts "plausibly give rise to an entitlement to relief." *Id.*  "A claim has facial

4  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

5  inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*,

6  550 U.S. at 556).  But, "where the well-pleaded facts do not permit the court to infer more than

7  the mere possibility of misconduct," dismissal is warranted. *Id.* at 679.  A complaint stating facts

8  "merely consistent with" a defendant's liability "stops short of the line between possibility and

9  plausibility" of entitlement to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).  Accordingly,

10 judicial review is a "context-specific task that requires the reviewing court to draw on its judicial

11 experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).  And, while a court

12 considers the facts as alleged on a Rule 12(b)(6) motion, a court may not ignore facts omitted

13 from a complaint where judicial notice is proper or where such facts are properly considered

14 pursuant to the doctrine of incorporation. *RealNetworks, Inc. v. DVD Copy Control Ass'n, Inc.*,

15 Nos. C 08-4548 MHP, C 08-4719 MHP, 2010 U.S. Dist. LEXIS 1433, at *12 n.7 (N.D. Cal. Jan.

16 8, 2010) ("Pursuant to the doctrine of incorporation, a district court may consider documents

17 'whose contents are alleged in a complaint . . . but which are not physically attached to the

18 plaintiff's pleading.'") (citing *In re Silicon Graphics Sec. Litig.,* 183 F.3d 970, 986 (9th Cir.

19 1999)).

20 **ARGUMENT**

21 **I.      PLAINTIFFS' CONTRACT-BASED CLAIMS FAIL.**

22     Despite the Court's order that plaintiffs file a consolidated complaint, each plaintiff sets

23 forth a separate breach of contract claim on behalf of two purported "subclasses."  The alleged

24 breaches, however, are ultimately the same, and both fail for the same reason: neither plaintiff can

25 point to any term of the Agreement that was actually breached.  Both plaintiffs claim that Apple

26 breached the Agreement by charging them twice for the same song, notwithstanding the fact that

27 Juel admits she downloaded the song twice and Herskowitz asserts vague allegations to avoid

28 admitting that he did exactly the same.  Plaintiffs not only fail to identify any term of the

1   Agreement that was breached, they ignore specific contractual provisions that defeat their claims.

2   Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing must be

3   dismissed for the same reason:  because their claims are contrary to an express provision of the

4   contract, they fail as a matter of law.

5              **A.      Plaintiffs' Breach of Contract Claims Fail.**

6              "In order to state a claim for breach of contract, a plaintiff must plead the existence of a

7   contract, his performance of the contract or excuse for nonperformance, the defendant's breach

8   and resulting damages. . . . *The complaint must identify the specific provision of the contract*

9   *allegedly breached by the defendant*."  *Donohue v. Apple Inc*., No. 11-cv-05337 RMW, 2012 U.S.

10  Dist. LEXIS 65860, at *43 (N.D. Cal. May 10, 2012) (emphasis added) (dismissing claims for

11  breach of contract and breach of implied covenant of good faith and fair dealing); *see also*

12  *Progressive W. Ins. Co. v. Superior Court*, 135 Cal. App. 4th 263, 281-82 (2005).  Plaintiffs do

13  not and cannot identify a specific term of the Agreement that Apple breached.  Their breach of

14  contract claims should be dismissed.

15             Both plaintiffs admit that they entered into the Agreement prior to purchasing songs on

16  iTunes and that the Agreement governed their iTunes purchases.  (FAC ¶¶ 5, 24, 25, 60, 66)  But

17  neither plaintiff points to any provision of the Agreement — because there is none — requiring

18  Apple to permit users to redownload a song at no charge or to provide a refund to a user who

19  downloaded the same song a second time.  To the contrary, the Agreement provided in multiple

20  places that "Products may be downloaded *only once* . . . ."  (Preovolos Decl. Ex. A at

21  AGMT00006) (emphasis added).  Plaintiffs' inability to identify any specific provision of the

22  Agreement that Apple breached, coupled with the Agreement's express provision that purchasers

23  were not entitled to redownload a song free of charge, requires that plaintiffs' contract claims be

24  dismissed.

25             Juel seeks to avoid the express provisions of the Agreement by alleging that when she

26  later was unable to locate the song, Apple should not have charged her when she redownloaded it.

27  (*See* FAC ¶ 70)  Juel does not point to any provision in the Agreement requiring that Apple

28  ensure that she can find songs she downloaded on her device, or making Apple the guarantor of

1  her ability to organize and locate her files.  Rather, the Agreement's Usage Rules expressly

2  provide that:

3  
4  
5  

> Products may be downloaded only once and cannot be replaced if
> lost for any reason.  Once a Product is downloaded, it is your
> responsibility not to lose, destroy or damage it, and Apple shall not
> be liable to you if you do so.

6  (Preovolos Decl. Ex. A at AGMT00006)  The Agreement's Liability Limitation section similarly

7  provides (in all capital letters) that songs can be downloaded only once.  (*Id*. at AGMT00010)

8  Thus, this proposed theory is barred by the Agreement's express terms.

9      Moreover, the Agreement provided an *express and exclusive remedy* — replacement or

10  refund of the song, as determined by Apple — if "technical problems prevent or unreasonably

11  delay delivery" of a song.  (*Id*. at AGMT00002)  That provision — and plaintiffs' failure to

12  exercise it — bars plaintiffs' claims.  Notably, Juel's allegations are utterly devoid of any claim

13  that she contacted Apple or in any way sought to take advantage of this contractual right.

14  Similarly, Herskowitz unilaterally elected to download the song a second time, only contacting

15  Apple to request a refund after he did so.  But Herskowitz fails to allege any specifics about the

16  circumstances of his two downloads.  The Agreement does *not* permit unilateral downloads of a

17  song multiple times in contravention of the exclusive and sole remedy provided under the

18  Agreement.

19      Plaintiffs also allege that Apple breached a supposed contractual requirement to provide

20  them with refunds.  (FAC ¶¶ 26, 27, 63)  But the Agreement contains no such provision.  To the

21  contrary, the Agreement flatly states that "All sales and rentals . . . are final." (Preovolos Decl.

22  Ex. A at AGMT00001)  And, as set forth above, the Agreement also provides in multiple places

23  that Apple has no obligation to provide a second download of the same song; plainly there is no

24  obligation to provide a refund in such circumstances.

25      Plaintiffs purport to find a refund obligation by selectively quoting out of context a

26  contractual provision stating that Apple may change pricing at any time.  In context, that

27  provision — which directly follows the provision that all sales are final — clearly creates no such

28  right:

APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, MPA ISO THEREOF
CASE NOS. 5:12-cv-02131-LHK and 5:12-cv-03124-LHK
sf-3222925

9

1

All sales and rentals of products are final.

2

Prices for products offered via the Services may change at any time, and the Services do not provide price protection or refunds in the event of a price reduction or promotional offering.

3

4
(Preovolos Decl. Ex. A at AGMT00001)  Plaintiffs' effort to turn a specific provision clarifying

5
that Apple has no obligation to provide refunds in the event of a price reduction or promotion into

6
an affirmative obligation to provide refunds in all other circumstances is patently meritless.  That

7
is particularly clear since such an interpretation would render the immediately preceding

8
provision that "All sales . . . are final" completely meaningless, reading it out of the contract.  A

9
contractual interpretation that yields such absurd results must be rejected.  *Med. Sales &*

10
*Consulting Grp. v. Plus Orthopedics USA, Inc.*, No. 08cv1595 BEN, 2011 U.S. Dist. LEXIS

11
123497, at *30 (S.D. Cal. Oct. 25, 2011); *Corporate Express Office Prods., Inc. v. Van Guelpen*,

12
No. C 02-04588 WHA, 2002 U.S. Dist. LEXIS 27642, at *6 (N.D. Cal. Dec. 12, 2002).

13
Plaintiffs also misquote the Agreement's provision obligating purchasers to pay for their

14
purchases, purporting to read that provision to preclude Apple from charging for a redownload of

15
a single song ("Apple may only charge customers once").  (FAC ¶ 26)  In fact, the provision says

16
nothing about the permitted number of charges or downloads; set out in full and in context, it

17
states:

18

You agree that you will pay for all products you purchase through the Services, and that Apple may charge your credit card or PayPal account for any products purchased and for any additional amounts (including any taxes and late fees, as applicable) that may be accrued by or in connection with your Account.

19

20

21
(Preovolos Decl. Ex. A at AGMT00001)  Contrary to plaintiffs' assertion, this provision confirms

22
that they must pay for each product they purchase; if they separately purchase a product twice,

23
they must pay for it twice.  The provision in no way supports their claims for breach of contract.

24
Based on the multiple grounds discussed above, plaintiffs' claims for breach of contract

25
must be dismissed.

26

27

28

APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, MPA ISO THEREOF
CASE NOS. 5:12-cv-02131-LHK and 5:12-cv-03124-LHK
sf-3222925

10

1

## B.     Plaintiffs' Claims for Breach of the Implied Covenant of Good Faith and Fair Dealing Fail.

2

3    Plaintiffs' claims for breach of the covenant of good faith and fair dealing are meritless.

4    Plaintiffs allege that Apple breached this implied covenant when it charged each plaintiff twice

5    for two purchases of the same song.  (FAC ¶¶ 77, 82)  As set forth above, however, the

6    Agreement expressly provided that a song could be downloaded only once, and provided an

7    express and exclusive remedy for any issues with the initial download.  "[I]mplied terms cannot

8    vary the express terms of a contract."  *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App.

9    4th 1107, 1120 (2008).  Accordingly, plaintiffs cannot use the implied covenant to negate an

10   express contractual provision.  *Kinderstart.com, LLC v. Google, Inc.*, No. C 06-2057 JF (RS),

11   2006 WL 3246596, at *12 (N.D. Cal. Nov. 7, 2006) (the implied covenant of good faith and fair

12   dealing cannot, as a matter of law, extend "to conduct expressly disclaimed by the express terms

13   of the contract"; finding no violation of the implied covenant where parties' website agreement

14   disclaimed referral warranties); *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011

15   U.S. Dist. LEXIS 106865, at *31 (N.D. Cal. Sept. 20, 2011) ("Plaintiffs cannot use the implied

16   covenant of good faith and fair dealing to deny another party specific contract benefits for which

17   such party bargained.").  Plaintiffs' good faith and fair dealing claims thus should be dismissed.

18   Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing fails for

19   another reason — they are simply an inappropriate reiteration of their breach of contract claims

20   and are thus superfluous.  Plaintiffs' claims for breach of the covenant of good faith and fair

21   dealing are based on the same alleged facts as those asserted in support of their breach of contract

22   claim.  Plaintiffs do not allege any conduct separate and distinct from that alleged for the breach

23   of contract claims.  Therefore, plaintiffs' claims for breach of the covenant of good faith and fair

24   dealing should be dismissed as superfluous.  *Manosca v. Wachovia Mortg.*, No. C 11-2183 SI,

25   2011 U.S. Dist. LEXIS 78609, at *16-17 (N.D. Cal. July 20, 2011) (dismissing "superfluous"

26   breach of the covenant of good faith and fair dealing claim); *Zody v. Microsoft Corp.*, No. 12-cv-

27   00942-YGR, 2012 U.S. Dist. LEXIS 68717, at *13 (N.D. Cal. May 16, 2012) ("'[A] claim that

28   merely re-alleges that breach as a violation of the covenant is superfluous.'") (quoting *Guz v.*

1    *Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 352 (2000)); *see also Smith v. Int'l Bhd. of Elec. Workers,*

2    *Local Union II,* 109 Cal. App. 4th 1637, 1645 n.3 (2003) ("A breach of the covenant of good faith

3    and fair dealing does not give rise to a cause of action separate from a cause of action for breach

4    of the contract containing the covenant.") (citing *Guz*, 24 Cal. 4th at 327).  Plaintiffs' implied

5    covenant claims are meritless.

6        **II.      HERSKOWITZ'S CLRA CLAIM FAILS.**

7            Herskowitz's CLRA claim, which is predicated solely on claimed "unconscionability,"

8    fails for multiple reasons.  Most simply, the CLRA does not apply to software such as iTunes

9    songs.  Moreover, Herskowitz's CLRA claim fails because he has not alleged facts establishing

10   either procedural or substantive unconscionability; both are required for a violation.  *Apple iPod*

11   *iTunes Anti-Trust Litig. v. Apple, Inc.*, No. C 05-00037 JW, 2010 U.S. Dist. LEXIS 64772, at

12   *18-19 (N.D. Cal. June 29, 2010) (dismissing CLRA unconscionability claim where plaintiffs did

13   "not allege any facts indicating that [Apple's] customers were robbed of any 'meaningful choice,'

14   that the terms of [Apple's] contracts were in any way hidden from customers, or that the terms of

15   the agreement were so harsh or one-sided so as to shock the conscience").

16           As this Court and others have consistently held, the CLRA provides civil remedies for

17   conduct in the sale of "goods" or "services."  Cal. Civ. Code § 1770.  Software is neither a

18   "good" nor a "service" within the meaning of the CLRA.  *In re iPhone Application Litig.*, 2011

19   U.S. Dist. LEXIS 106865; *Ferrington v. McAfee, Inc.*, No. 10-CV-01455-LHK, 2010 U.S. Dist.

20   LEXIS 106600, at *52-58 (N.D. Cal. Oct. 5, 2010); *Wofford v. Apple Inc.*, No. 11-CV-0034 AJB

21   NLS, 2011 U.S. Dist. LEXIS 129852, at *6 (S.D. Cal. Nov. 9, 2011) ("California law does not

22   support [the] contention that software is a tangible good or service of the purposes of the

23   CLRA."); *In re Sony Gaming Networks & Customer Sec. Breach Litig.*, No. 11md2258 AJB

24   (MDD), 2012 US. Dist. LEXIS 146971 (S.D. Cal. Oct. 11, 2012) (same).

25           In any event, Herskowotz cannot allege facts establishing either "procedural" or

26   "substantive" unconscionability.  A contractual provision can be found unconscionable under the

27   CLRA only if it is both procedurally and substantively unconscionable.  *Apple iPod iTunes Anti-*

28   *Trust Litig.*, 2010 U.S. Dist. LEXIS 64772, at *18-19.  Procedural unconscionability focuses on

1   oppression or surprise, while substantive unconscionability focuses on terms that create results

2   that are so "overly harsh" or "one-sided" as to "shock the conscience."  *Id.*; *see also In re iPhone*

3   *Application Litig.*, 2011 U.S. Dist. LEXIS 106865, at *25.  Unconscionability is a question of

4   law.  *Freeman v. Wal-Mart Stores, Inc.* 111 Cal. App. 4th 660, 699 (2003).

5         Herskowitz's allegations do not establish either the "surprise" or "oppression" required for

6   procedural unconscionability.  "Surprise" involves the situation where contractual terms at issue

7   are "hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms."

8   *In re iPhone Application Litig.*, 2011 U.S. Dist. LEXIS 106865, at *24.  Adequately disclosed

9   terms are not "unconscionable."  *Harmon v. Hilton Grp.*, No. C-11-03677 JCS, 2011 U.S. Dist.

10  LEXIS 136064, at *31-32 (N.D. Cal. Nov. 28, 2011).  Here, the provision that songs could be

11  downloaded only once was prominently disclosed in the first section of the Agreement as well as

12  set forth in all upper case letters in the section limiting liabilities.  The provision that all sales are

13  final and no refunds are available was also prominently disclosed on the first page of the

14  Agreement.  Notably, Herskowitz fails to offer even a conclusory allegation that he was

15  "surprised" by the terms at issue, nor does he allege facts that would support such a contention.

16        Herskowitz similarly cannot allege facts demonstrating the "oppression" required for

17  procedural unconscionability.  In determining whether "oppression" is present, courts have

18  looked at whether a plaintiff lacked any meaningful choice or whether alternative sources were

19  available.  *In re iPhone Application Litig.*, 2011 U.S. Dist. LEXIS 106865, at *24-25; *Freeman*,

20  111 Cal. App. 4th at 670.  Here, not only does Herskowitz fail to allege facts establishing the

21  absence of meaningful choice, he admits that there were other sources for online digital music.

22  (FAC ¶ 20)  Moreover, "when the challenged term is in a contract concerning a nonessential

23  recreational activity, the consumer always has the option of simply forgoing the activity," which

24  independently defeats any claim of oppression.  *Belton v. Comcast Cable Holdings, LLC,* 151

25  Cal. App. 4th 1224, 1245 (2007) (music); *Pokrass v. The DirecTV Grp.*, No. EDCV 07-423-VA

26  (JCRx), 2008 U.S. Dist. LEXIS 110441, at *20-21 (C.D. Cal. July 14, 2008) (television).

27  Downloading and listening to iTunes songs is a nonessential recreational activity.

28

APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, MPA ISO THEREOF
CASE NOS. 5:12-cv-02131-LHK and 5:12-cv-03124-LHK
sf-3222925

13

1    Finally, Herskowitz's CLRA claim fails because he cannot allege facts establishing

2    substantive unconscionability.  Most basically, Herskowitz does not point to any specific

3    provision of the Agreement that he contends is substantively unconscionable; this failure defeats

4    his claim as a matter of law.  *Harmon*, 2011 U.S. Dist. LEXIS 136064, at *31.  Nor, in any event,

5    can he meet the extremely high standard required to demonstrate substantive unconscionability.

6    Substantive unconscionability requires a showing that the contractual terms create results that are

7    so "overly harsh" or "one-sided" as to "shock the conscience."  *Apple iPod iTunes Anti-Trust*

8    *Litig.*, 2010 U.S. Dist. LEXIS 64772, at *18-19.  As the court held in *Morris v. Redwood Empire*

9    *Bancorp.*, 128 Cal. App. 4th 1305, 1322-23 (2005) (citation omitted):

> 10    The phrases "harsh," "oppressive" and "shock the conscience" are
>        not synonymous with "unreasonable."  Basing an unconscionability
> 11    determination on the reasonableness of a contract provision would
>        inject an inappropriate level of judicial subjectivity into the
> 12    analysis.  "With a concept as nebulous as 'unconscionability' it is
>        important that courts not be thrust into the paternalistic role of
> 13    intervening to change contractual terms that the parties have agreed
>        to merely because the court believes the terms are unreasonable.
> 14    The terms must shock the conscience."

15   *Accord Am. Software, Inc. v. Ali*, 46 Cal. App. 4th 1386, 1391 (1996) (same).

16    The contractual provision that an iTunes song can be downloaded only once and that a

17   customer must pay for each of his purchases does not "shock the conscience."  Moreover, the

18   Agreement expressly provides a remedy to purchasers who experience issues with their initial

19   download:  either a refund or redownload at Apple's discretion.  There is nothing in this to "shock

20   the conscience."  Indeed, even if Herskowitz's second download were unintentional or accidental,

21   requiring him to pay for his own error does not meet this high standard.

22   **III.    HERSKOWITZ'S UCL CLAIM FAILS.**

23    Herskowitz's claim for violation of the UCL's "unlawful" prong is based on the same

24   claim of "unconscionability" as his CLRA claim and fails for the same reasons.  His "unfairness"

25   claim is meritless under any applicable standard because there is nothing "unfair" about Apple's

26   clear contractual provision that purchasers may download an iTunes song only once.

27    Perhaps recognizing the weaknesses of his CLRA claim, Herskowitz attempts to hedge his

28   bets by predicating his UCL "unlawfulness" claim on alleged "unconscionability" under Civil

Apple Inc.'s Notice of Motion and Motion To Dismiss, MPA ISO Thereof
Case Nos. 5:12-cv-02131-LHK and 5:12-cv-03124-LHK
sf-3222925                                                                    14

1    Code section 1670.5.  Section 1670.5 does not define a legal violation, however, but merely

2    codifies a court's authority to refuse to enforce an unconscionable provision in a contract.  In any

3    event, plaintiff's gambit is unavailing because the same standards and case law apply to an

4    "unconscionability" claim under Section 1670.5 and an "unconscionability" claim under the

5    CLRA.  *See Dean Witter Reynolds, Inc. v. Superior Court*, 211 Cal. App. 3d 758, 766-68 (1989);

6    *compare Apple iPod iTunes Anti-Trust Litig.*, 2010 U.S. Dist. LEXIS 64772, at *18-19 (applying

7    test for unconscionability to a CLRA claim) *with Morris*, 128 Cal. App. 4th at 1316-24 (applying

8    same test for unconsionability to a UCL claim brought under Section 1670.5).  Accordingly,

9    Herskowitz's UCL "unlawful" claim predicated on unconsionability must be dismissed for the

10   same reasons as his CLRA claim.

11          Herskowitz's "unfairness" claim also fails on multiple grounds.  This Court has

12   recognized a split of authority regarding the proper standard for determining whether a business

13   practice is "unfair."  *Williamson v. Reinalt-Thomas Corp.*, No. 5:11-CV-03548-LHK, 2012 U.S.

14   Dist. LEXIS 58639 (N.D. Cal. Apr. 25, 2012).  Under any standard, however, Apple's clearly-

15   disclosed contractual provision that a song can be downloaded only once with each single

16   payment is not "unfair,"  nor is Apple's refusal to provide a refund to customers who elect to

17   download a song a second time.

18          In *Williamson*, this Court, citing the Ninth Circuit's decision in *Lozano v. AT&T Wireless

19   Services, Inc.,* 504 F.3d 718, 735-36 (9th Cir. 2007), held that the proper standard for determining

20   "unfairness" under the UCL is unsettled, but noted three possible standards.  *Id.* at *33-34.  Those

21   are:  1) whether the alleged unfairness it tethered to a statutory violation and violates public

22   policy as declared in "specific constitutional, statutory or regulatory provisions" (the "tethering"

23   test); 2) whether the alleged harm to the victim outweighs the utility of the defendant's conduct

24   (the "balancing test"); and 3) whether the practice is "immoral, unethical, oppressive,

25   unscrupulous, or substantially injurious to consumers."  *Id.* at *32.

26          Herskowitz does not and cannot articulate a violation under the "tethering" test.  The only

27   statutes he identifies are the "unconscionability" provisions of the CLRA and Civil Code 1670.5.

28

1    Because his unconscionability theories fail, he also fails to allege the violation of any statutory

2    policy.

3         Herskowitz likewise cannot sustain an "unfairness" claim under the balancing test.  "[I]t is

4    difficult to see how [Apple's] conduct negatively impacted" Herskowitz, when the Agreement

5    made it completely clear that Herskowitz could only download a song once, and Herskowitz

6    agreed to that term. *Williamson*, 2012 U.S. Dist. LEXIS 58639, at *33.  Because Herskowitz's

7    "factual allegations do not support a plausible inference that he was negatively impacted by

8    Defendants' conduct," but instead establish that he agreed to Apple's one-download policy, his

9    unfairness claim fails under this test as well. *Id.* at *34.  There is nothing "unfair" about the

10   Agreement's single download limitation or Apple's denial of refund requests consistent with this

11   express provision of the Agreement.

12        Finally, for the same reasons that the contractual terms Herskowitz challenges are not

13   unconscionable, they are not "immoral, unethical, oppressive, unscrupulous, or substantially

14   injurious to consumers."  There is nothing "immoral, unethical, oppressive, unscrupulous or

15   substantially injurious" in requiring a consumer to pay for each download of a song he purchases.

16   Nor does the possibility that a consumer may have to pay (at most $1.29) for a song because he

17   downloads it a second time cross this high threshold for "unfairness," particularly given that the

18   Agreement provides the consumer with a remedy if there are problems with the first download.

19   Under any applicable test, Herskowitz's UCL "unfairness" claim cannot survive.

20        **IV.    JUEL'S FRAUD CLAIM FAILS.**

21             **A.    Rule 9(b) Applies to Juel's Fraud Claim.**

22        Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies to all causes

23   of action in federal court that are based on allegations of "a unified course of fraudulent conduct."

24   *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1127 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy*

25   *Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003)).  Rule 9(b) requires that "a party must state

26   with particularity the circumstances constituting fraud." *Id*. at 1126.  Conclusory allegations of

27   fraud are insufficient. *Vess*, 317 F.3d at 1106.  "Averments of fraud must be accompanied by 'the

28

1    who, what, when, where, and how' of the misconduct charged," *Kearns*, 567 F.3d at 1124, as well

2    as the circumstances indicating fraudulent conduct.  *Vess*, 317 F.3d at 1106.

3                              **B.      Juel's Fraud Claim Does Not Satisfy Rule 9(b).**

4             Juel's fraud allegations do not come close to meeting Rule 9(b)'s heightened pleading

5    requirements.  *See Wolph v. Acer Am. Corp.*, No. C 09-01314 JSW, 2009 U.S. Dist. LEXIS

6    83681, at *11-16 (N.D. Cal. Sept. 14, 2009).  The elements of a fraud claim are:

7    (1) misrepresentation; (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, *i.e.*, to

8    induce reliance; (4) justifiable reliance; and (5) resulting damage.  *Lazar v. Superior Court*, 12

9    Cal. 4th 631, 638 (1996).  Juel's fraud claim utterly fails to meet Rule 9(b); she alleges no facts

10   that show the "who, what, when, where, and how" of the alleged fraud, any knowledge of the

11   falsity or intent to defaud, or any justifiable reliance.  Conclusory allegations of fraud are not

12   enough; plaintiff must plead detailed and specific facts.  *See Richardson v. Reliance Nat'l Indem.*

13   *Co.*, No. C 99-2952 CRB, 2000 U.S. Dist. LEXIS 2838, at *11 (N.D. Cal. Mar. 9, 2000)

14   ("Plaintiff may not simply set forth conclusory allegations of fraud punctuated by a handful of

15   neutral facts.") (quotations and citation omitted).

16                              **1.      Juel Fails to Allege Any Misrepresentation.**

17            It is axiomatic that fraud requires a misrepresentation.  Most fundamentally, Juel does not

18   allege that she ever saw or relied on a single *false* advertisement or other affirmative

19   *misrepresentation* regarding iTunes songs.  Juel does not point to any representation by Apple

20   that she could redownload a song if she "could not locate" it or for any other reason.  To the

21   contrary, the Agreement repeatedly and expressly informed Juel that she could *not* do so:  iTunes

22   songs "may be downloaded only once and cannot be replaced if lost for any reason."  (Preovolos

23   Decl. Ex. A at AGMT00006)  That representation defeats Juel's claim.

24            Juel attempts to avoid Apple's express representation and concocts a misrepresentation

25   claim by cobbling together irrelevant statements involving the "portability" of products between

26   devices or CDs.  Thus, her complaint alleges representations regarding "burning" songs onto

27   CDs, playing songs on different computers through syncing, or storing songs from different

28   accounts "on compatible devices."  (FAC ¶¶ 36, 37, 38, 113)  But, aside from the conclusory

allegation that "those representations . . . were false" (*id.* ¶ 118), Juel does not — and cannot — contend that iTunes songs could not, in fact, be burned onto CDs, played on different computers, or stored on compatible devices.  Nothing in Juel's complaint in any way demonstrates that the statements she quotes are false.  Indeed, these statements are entirely irrelevant to Juel's claim.  Juel does not allege that she ever *attempted* to burn a song onto CDs, play a song on different computers, or store a song on compatible devices, much less that she was unable to do so.  Rather, Juel alleges that she was charged twice when she intentionally *downloaded* an iTunes song twice onto the same computer.  (*Id.* ¶ 70)  None of the statements quoted by Juel say that a user may download a song multiple times onto the same computer without being charged for each download.  Nor do any of these statements say that Apple will provide a free song to every user who cannot locate a song due to user error.

To the contrary, the Agreement repeatedly stated that Juel could *not* download a purchased song more than once.  In light of that express — and accurate — disclosure, Juel likewise has no basis for an omissions claim.  *Baltazar v. Apple Inc.*, No. CV-10-3231-JF, 2011 U.S. Dist. LEXIS 13187, at *11 (N.D. Cal. Feb. 10, 2011) (omission must be "contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose").

Further, Apple made clear that it would provide Juel with a complete remedy if, in fact, her original purchase and download failed.  If Juel truly could not "reasonably access" her song, her sole and exclusive remedy was expressly and accurately disclosed in the Agreement.  She simply failed to take advantage of it.  Juel cannot allege any false representation made by Apple.

### 2.    Juel Fails to Allege Facts Establishing Justifiable Reliance.

Juel's fraud claim also fails for the independent reason that she does not allege facts establishing justifiable reliance.  Reliance is an essential element of a fraud claim.  *See Wayne Merritt Motor Co. v. N.H. Ins. Co.*, No. 11-CV-01762-LHK, 2012 U.S. Dist. LEXIS 105117, at *36 (N.D. Cal. July 26, 2012); *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 & n.4 (1995); *Hecimovich v. Encinal Sch. Parent Teacher Org.*, 203 Cal. App. 4th 450, 476 (2012).  But Juel's attempt to allege justifiable reliance is even weaker than her attempt to allege an

1   actionable misrepresentation.  Her conclusory allegations that she "did reasonably rely on those

2   representations" and that certain representations were made "widely to the public" are

3   insufficient.  (FAC ¶ 115)  Conclusory allegations are disregarded even under Rule 8, as well as

4   under the far stricter requirements of Rule 9(b).  *Iqbal*, 556 U.S. at 679.

5        Thus, even if Juel had alleged an actionable misrepresentation (and she has not), she

6   alleges no facts that show where, when, or how she saw or relied upon any such

7   misrepresentation.  Juel never states which representations she allegedly saw and when and how

8   she relied upon them.  Accordingly, she fails to allege any facts establishing that she justifiably

9   relied on a misrepresentation by Apple, much less with the specificity required by Rule 9(b).

10            **3.      Juel Fails to Allege Facts Establishing Knowledge of Falsity or Intent
11                      to Defraud.**

12        Juel also does not allege specific — or indeed any — facts establishing that Apple had

13   knowledge of an alleged misrepresentation ("scienter") or the requisite "intent to defraud"

14   (induce reliance) as required by Rule 9(b).  *PAI Corp. v. Integrated Sci Solutions, Inc.*, No. C-06-

15   00767 EDL, 2006 U.S. Dist. LEXIS 34828, at *20 (N.D. Cal May 22, 2006) (dismissing fraud

16   claim when plaintiff failed to allege that representations were made with the intent to deceive

17   plaintiff or to induce reliance); *Lazar*, 12 Cal. 4th at 638.

18        Juel does not come close to meeting this standard, and she cannot do so.  Juel's attempt to

19   demonstrate that Apple had knowledge of falsity consists solely and entirely of her bald assertion

20   that "Apple knew that Plaintiff Juel had already purchased the song at issue and had not exceeded

21   her devices limit" when it charged her for her second download.  (FAC ¶ 122)  But Apple never

22   represented that Juel would not be charged for a second download; to the contrary, Apple

23   expressly informed her that she could *not* download a song a second time without paying for it.

24   Accordingly, Apple's alleged "knowledge" that Juel had downloaded the song before is irrelevant

25   to her misrepresentation claim.  Further, Apple's alleged knowledge is not inconsistent with any

26   representation Juel alleges.  Juel does not claim that Apple knew that songs could not be "burned"

27   onto unlimited CDs, could not be played on multiple computers, or could not be stored on

28   multiple compatible devices.  Indeed, Juel fails to allege that she could not do any of those things.

APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, MPA ISO THEREOF
CASE NOS. 5:12-cv-02131-LHK and 5:12-cv-03124-LHK
sf-3222925

19

1    Similarly, Juel alleges no facts — let alone the specific fact allegations required by Rule

2    9(b) — to establish that Apple had "intent to defraud" (intent that plaintiff rely on a

3    misrepresentation).  Juel baldly makes the conclusory allegation that "Apple intended to mislead

4    Juel." (FAC ¶ 118)  But Apple's express disclosures that users may download a song only once

5    eviscerates Juel's claim that Apple intended to defraud users.  There are no allegations showing

6    that Apple intended that Juel rely on representations that she could redownload the same song

7    without paying for it; Apple never made any such representations.  Indeed, the Agreement shows

8    that Apple repeatedly disclosed that "[p]roducts may be downloaded only once and cannot be

9    replaced if lost for any reason."  (Preovolos Decl. Ex. A at AGMT00006 and AGMT0010)  For

10   these reasons as well, Rule 9(b) requires the dismissal of Juel's fraud claim.  *See Richardson*,

11   2000 U.S. Dist. LEXIS 2838, at *14 (holding that intent was insufficiently pled under Rule 9(b)

12   where plaintiff failed to establish with particularity that defendants' statements were false when

13   made).

14   **V.      PLAINTIFFS' UNJUST ENRICHMENT CLAIMS FAIL.**

15   Plaintiffs' unjust enrichment claims have no merit because "unjust enrichment is a theory

16   of recovery, not an independent legal claim." *In re NVIDIA GPU Litig.*, No. C 08-04312 JW,

17   2009 U.S. Dist. LEXIS 108500, at *38 (N.D. Cal. Nov. 19, 2009) (citing *IB Melchior v. New Line

18   Prods., Inc*., 106 Cal. App. 4th 779, 793 (2003)); *In re iPhone Application Litig*., 2011 U.S. Dist.

19   LEXIS 106865, at *45-46.  There is no cause of action for unjust enrichment in California.  *Yates

20   v. Aurora Loan Servs., LLC*, No. C-11-00695-EDL, 2011 U.S. Dist. LEXIS 62644, at *23 (N.D.

21   Cal. June 13, 2011).  Because plaintiffs' other claims fail, their unjust enrichment claims fail as

22   well.  *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 975 (N.D. Cal. 2008), *aff'd*, 322

23   Fed. App'x 489 (9th Cir. 2009); *Hoey v. Sony Elecs., Inc.*, 515 F. Supp. 2d 1099, 1106 (N.D. Cal.

24   2007).

25   **VI.     PLAINTIFFS FAIL TO ALLEGE FACTS SUFFICIENT TO STATE A
            CLAIM REGARDING PRODUCTS THEY DID NOT PURCHASE, AND
26          LACK STANDING TO ASSERT SUCH CLAIMS.**

27   Plaintiffs' individual claims which are the subject of this motion to dismiss relate solely to

28   iTunes songs; plaintiffs do not allege that they purchased digital content from any other Apple e-

1    store, much less that they paid more than once for such products.  Plaintiffs do not allege facts

2    sufficient under either Rule 8 or Rule 9(b) to state a claim as to any product other than the songs

3    they purchased through the iTunes Store.  Moreover, plaintiffs lack standing to assert claims

4    regarding such other products.

5          Plaintiffs never allege that they purchased any app, e-book or other digital content apart

6    from iTunes songs through any of the Apple e-Stores, much less that they paid twice for any such

7    products.  Plaintiffs merely reference these other products in conclusory allegations regarding

8    iTunes songs.  (*See, e.g.*, FAC ¶ 1 (Apple routinely "charges its 'e-Stores' customers more than

9    once for the same products and services"))  Plaintiffs allege no facts showing that *anyone* ever

10    paid twice for such products.  Plaintiffs do not allege any specific facts about their contract-based

11    claims respecting these other products; nor do they attempt to satisfy the requirements of Rule

12    9(b) to plead the who, what, when, and where of any alleged fraud regarding such products.

13    Indeed, the provisions applicable to the App Store and iBookstore are different with respect to the

14    issue of redownloads.[5]  (*See* Preovolos Decl. Ex. A at AGMT00013)  Accordingly, plaintiffs fail

15    to state a claim with respect to any product other than songs.

16          Plaintiffs also lack standing to assert such claims.  Despite their failure to allege facts

17    necessary to support a claim, plaintiffs purport to represent a class of "[a]ll individuals or entities

18    who purchased Products from the App Store, the iTunes Store, the iBookstore, and/or the Mac

19    App Store and who were charged more than once . . . ."  (FAC ¶ 44)  Plaintiffs lack standing to do

20    so.  Plaintiffs have standing to assert claims only with respect to the products they purchased:

21    they cannot assert claims on behalf of a class of which neither of them are members.  *Larsen v.*

22    *Trader Joe's Co.*, No. 11-05188 SI, slip op. (N.D. Cal. Jun. 14, 2012) (named plaintiffs had no

23    standing to assert claims for product they did not purchase); *Dysthe v. Basic Research LLC*, No.

24    09-8013 AG (SSx), 2011 U.S. Dist. LEXIS 137315 (C.D. Cal. Jun. 13, 2011) (dismissing claims

25    regarding product that named plaintiff did not purchase); *Mlejnecky v. Olympus Imaging Am. Inc.*,

26    No. 2:10-CV-02630 JAM-KJN, 2011 U.S. Dist. LEXIS 42333 (E.D. Cal. Apr. 19, 2011) (same).

27
28
        [5] Purchasers of apps or iBooks enter into the App Store and iBookstore Terms and Conditions.

1  Notably, plaintiffs' core claim — the inability to redownload a song for free — does not apply to

2  all products offered through the e-Stores.[6]

3       In sum, plaintiffs' claims regarding products other than iTunes songs should be dismissed

4  for failure to satisfy either Rule 8 or Rule 9(b).  Furthermore, plaintiffs lack standing to assert

5  claims concerning products they did not purchase; standing over such products is not conferred

6  merely by alleging a putative class action.

7  **CONCLUSION**

8       For the foregoing reasons, the FAC should be dismissed with prejudice.

9

10  Dated:  December 11, 2012          **MORRISON & FOERSTER LLP**
   *Attorneys for Defendant* APPLE INC.

11

12       By:  /s/ Penelope A. Preovolos

13  Penelope A. Preovolos, Esq.
   *PPreovolos@mofo.com*

14  Tiffany Cheung, Esq.
   *TCheung@mofo.com*

15  Suzanna P. Brickman, Esq.
   *SBrickman@mofo.com*

16  San Francisco, California  94105
   Telephone:  415.268.7000

17  Facsimile:  415.268.7522

18

19

20

21

22

23

24

25

26      [6] Although some courts have recognized a split of authority regarding a named plaintiff's ability to assert claims over other products, *see, e.g., Mlejnecky*, 2011 U.S. Dist. LEXIS 42333, at

27  *11, plaintiffs' allegations here are analogous to the cases cited above because plaintiffs cannot allege facts establishing that the same alleged representations or factual issues apply to any of the

28  other products they seek to sweep into this case.