PENELOPE A. PREOVOLOS (SBN 87607)
PPreovolos@mofo.com
TIFFANY CHEUNG (SBN 211497)
TCheung@mofo.com
SUZANNA P. BRICKMAN (SBN 250891)
SBrickman@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

*Attorneys for Defendant*
APPLE INC.

JOSEPH J. TABACCO, JR. (SBN 75484)
jtabacco@bermandevalerio.com
CHRISTOPHER T. HEFFELFINGER (SBN 118058)
cheffelfinger@bermandevalerio.com
ANTHONY D. PHILLIPS (SBN 259688)
aphillips@bermandevalerio.com
BERMAN DEVALERIO
One California Street, Suite 900
San Francisco, California 94111
Telephone:    415.433.3200
Facsimile:    415.433.6382

*Liaison Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HERSKOWITZ, et al., | No. 5:12-cv-02131-LHK<br>No. 5:12-cv-03124-LHK |
| PHOEBE JUEL, et al. | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| Plaintiffs, | |
| v. | |
| APPLE INC., | |
| Defendant. | |

Plaintiffs and Defendant Apple Inc. ("Apple") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and any supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for entering the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Stipulation and Protective Order").

## 1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in these actions are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Stipulation and Protective Order governs discovery in the consolidated actions *Herskowitz v. Apple Inc.*, Case No. 12-CV-02131-LHK and *Juel v. Apple Inc.*, Case No. 12-CV-03124-LHK. The parties also acknowledge that this Stipulation and Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Paragraph 11 below, that this Stipulation and Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.     <u>DEFINITIONS</u>

2.1     "<u>Action</u>" or "<u>Actions</u>" mean the above-captioned consolidated actions, presently pending in the United States District Court for the Northern District of California.

2.2     Party:  Any party to these Actions, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.3     Disclosure or Discovery Material:  All items or information, regardless of the medium or the manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

2.4     "CONFIDENTIAL" Information or Items:  Disclosure or Discovery Material that is non-public and that a Party or non-party in good faith believes must be held confidential to protect personal privacy interests or confidential, proprietary, and/or commercially sensitive information, including trade secrets, or otherwise have a compelling need for privacy.

2.5     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Disclosure or Discovery Material that is extremely confidential and/or sensitive in nature, disclosure of which to another Party or non-party the Producing Party reasonably believes is likely to cause economic harm or competitive disadvantage to the Producing Party, is highly personal non-public information, or will otherwise compromise or jeopardize the Producing Party's business interests.  The parties agree that the following information, if nonpublic, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other nonpublic information of similar competitive and business sensitivity.

2.6     Receiving Party:  A Party that receives Disclosure or Discovery Material provided, produced or made available for inspection by a Producing Party.

2.7     Producing Party:  A Party or non-party that provides, produces or makes available for inspection Disclosure or Discovery Material in the course of these Actions.

2.8     Designating Party:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2.9    Protected Material:  Any Disclosure or Discovery Material that is designated as or deemed to be CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2.10    Outside Counsel:  Attorneys who are not employees of a Party but who are employed at law firms that appear on the pleadings as counsel for a Party in these actions.

2.11    In-House Counsel:  Attorneys who are employees of a Party.

2.12    Counsel (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

2.13    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in these actions and who is not a past or a current employee of a Party or of any entity on the Restricted Competitors List and who, at the time of retention, is not anticipated to become an employee of a Party or any entity on the Restricted Competitors List. This definition includes any professional jury or trial consultant retained in connection with this litigation but does not include mock jurors. A list of Apple Inc.'s ("Apple") restricted competitors will be separately produced to Outside Counsel ("Restricted Competitors List").

2.14    Professional Vendors:  Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

### 3.   SCOPE

This Protective Order shall govern all Protected Material in whatever form, including documents, data, information, interrogatory responses, deposition testimony, deposition transcripts, responses to requests for admission, and any other Protected Material provided, produced, or made available for inspection in response to any method of discovery conducted in these Actions. The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above) but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or

presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

Nothing herein shall be construed to prevent a Producing Party from reviewing, using or disclosing its own Protected Material in any manner that it deems appropriate.

This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

The parties agree that this Protective Order does not address the production of source code (including source code and source code listings, object code and object code listings, executable code and similar sensitive software code, whether in printed or electronic form). Should such source code be identified for production, the party requesting the source code will provide notices to all other parties before engaging the Producing party in negotiations regarding a source code protective order and all parties will collectively negotiate a protective order governing the production of source code.

## 4. **DURATION**

After the termination of these Actions, the confidentiality obligations imposed by this Stipulation and Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

## 5. **DESIGNATING PROTECTED MATERIAL**

5.1     Procedures for Designating Material for Protection:  Any Party to this litigation, or any non-party who produces Disclosure or Discovery Material, shall have the right to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY any Protected Material it produces.  All Protected Material shall bear a legend on each page stating that the material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  Materials designated as or deemed to be CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY consistent with this Stipulation and Protective Order are subject to the provisions of this Stipulation and Protective Order and shall be

protected, used, handled and disposed of in accordance with the provisions of this Stipulation and Protective Order.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards set forth herein. A Designating Party must take care to designate for protection only those materials, documents, items, or oral or written communications that so qualify.

5.2 <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Stipulation and Protective Order (*see*, *e.g.*, second paragraph of 5.2(a), below) or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulation and Protective Order must be clearly designated as such before the material is disclosed or produced.

Designation in conformity with this Stipulation and Protective Order requires:

(a) For Information in Documentary Form (apart from transcripts of depositions or other pretrial proceedings): That the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material. In order to speed up the process of producing large volumes of Protected Material, multi-page documents in which Protected Material is pervasive may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" throughout. Where it is not possible to affix a legend to particular Protected Material, the Producing Party shall take reasonable steps to give all Receiving Parties notice of the Protected Material's status as such. Except as otherwise agreed, within 45 days after receipt of Disclosure or Discovery Material, any Receiving Party may designate the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material, except that multi-page documents may be designated in accordance with the preceding paragraph.

(b) For Testimony Given in Deposition or in Other Pretrial Proceedings: Any Party or non-party offering or sponsoring the testimony may identify on the record, before the close of the deposition, hearing or other proceeding, all protected testimony and may further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Alternatively, within thirty (30) days of receipt of a transcript or recording of a deposition or other pretrial proceeding, the offering or sponsoring Party or non-party may designate such transcript or recording or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying all Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." All transcripts or recordings of depositions or other pretrial proceedings shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for thirty (30) days after receipt of the transcript or recording, or until written notice of a designation is received, whichever occurs first. In the case of a non-party witness, testimony can be designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information by a Party, the non-party witness or upon agreement of the Parties.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Stipulation and Protective Order, substantially along the lines of "This videotape contains

confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Stipulation and Protective Order in this matter or pursuant to written stipulation of the parties."

Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Stipulation and Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)     For Information Produced in A Form Other than Documentary, and for Any Other Tangible Items: The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d)     For Inspection of Things or Premises:   The Producing Party shall state in writing prior to the inspection that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or material will be revealed.

5.3     Contractual Obligations to Non-Parties:  During the course of these actions, a Party or non-party may be requested to produce information that is subject to contractual or other obligations of confidentiality owed to a non-party.  The Party or non-party subject to the contractual or other obligation of confidentiality shall promptly contact the person to whom the obligation is owed to determine whether that person is willing to permit disclosure of the confidential information under the terms of this Stipulation and Protective Order.  If that person is so willing, the information, if otherwise discoverable, shall be produced in accordance with this Stipulation and Protective Order.  If the person to whom the obligation is owed is not willing to permit disclosure of the confidential information under the terms of this Stipulation and Protective Order, or fails to respond before responses or production is due, the Party seeking the information in this litigation shall be so notified and given a description of the documents withheld, the reason for withholding the documents, the person to whom the obligation of

confidentiality is owed and the person's contact information. This description shall be produced as promptly as practicable.

5.4     Upward Designation of Information or Items Produced by Other Parties or Non-Parties.  A Party may upward designate (i.e., change any documents or other material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or change any Protected Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,") any Disclosure or Discovery Material produced by any other Party or non-party, provided that said Disclosure or Discovery Material contains the upward designating Party's own CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c).  Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Material to be re-designated within sixty (60) days of production by the Producing Party.  Failure to upward designate within sixty (60) days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Disclosure or Discovery Material or from moving the Court for such relief.  Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth herein regarding challenging designations.

5.5     Inadvertent Failures to Designate and Redesignation:  A Producing Party that inadvertently fails to designate Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Stipulation and Protective Order at the time of its production shall be able to make a correction to its designation, with the Receiving Party reserving the right to assert such re-designation is improper pursuant to the procedures set forth herein regarding challenging designations.  Such failure shall be corrected by providing to the Receiving Party written notice of the error and substituted copies of the inadvertently unmarked or mis-marked Disclosure or Discovery Materials.  Any party receiving such inadvertently unmarked or mis-marked Disclosure or Discovery Materials shall,

within five (5) days of receipt of the substitute copies, destroy or return to the law firm representing the Producing Party all copies of such mis-designated documents. The Producing Party shall comply with Paragraph 5.2 when redesignating Disclosure or Discovery Material as Protected Material. Following any redesignation of Disclosure or Discovery Material as Protected Material (or redesignation of "CONFIDENTIAL" material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), the Party receiving such Protected Material shall take reasonable steps to comply with the redesignation, including, without limitation, retrieving all copies and excerpts of any redesignated Protected Material from persons not entitled to receive it as re-designated.

A Receiving Party shall not be in breach of this Stipulation and Protective Order for any use of such inadvertently-non-designated or inadvertently-mis-designated material before the Receiving Party receives notice of the inadvertent failure to designate, unless an objectively reasonable person would have realized that the material should have been appropriately designated with a confidentiality designation under this Stipulation and Protective Order. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such material at the appropriately designated level pursuant to the terms of this Stipulation and Protective Order, reserving all rights to assert that such re-designation is not proper under the procedures set forth herein regarding challenging designations.

**6.      DISCLOSURE OF DISCOVERY MATERIALS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT DOCTRINE**

(a)      Each party shall make efforts that are 'reasonably designed' to protect its privileged materials. *See Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001). What constitutes efforts that are reasonably designed to protect privileged materials depends on the circumstances; the law does not require 'strenuous or Herculean efforts,' just 'reasonable efforts.' *See, e.g., Hynix Semiconductor, Inc. v. Rambus, Inc.* 2008 WL 350641, *1–2 (N.D. Cal., Feb. 2, 2008); *see also,* FED. R. CIV. PRO. 26(f)(3) advisory committee's notes to 2006 amendments (discussing the substantial costs and delays that can result from attempts to avoid waiving

privilege, particularly when discovery of electronic information is involved). When a particular Rule 34 request requires a production or inspection that is too voluminous, expedited or complex (such as certain electronic productions) to allow for an adequate preproduction review, the parties may enter into non-waiver agreements for that particular production. If the requesting party is unwilling to enter into such an agreement, the Producing Party may move the court for a non-waiver order.

(b)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(c)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material, and all copies, to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(d)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

**7.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

7.1     <u>Timing of Challenges</u>:  The Receiving Party must challenge the Designating Party's designations within ninety (90) days of receipt of the challenged information.

7.2     <u>Meet and Confer</u>:  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the

process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must identify the specific Bates range(s) for the challenged document(s), explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity to review the designated material, reconsider the circumstances and, if no change in designation is offered, explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet-and-confer process.

7.3     <u>Judicial Intervention</u>:  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and setting forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue.

Nothing in this Stipulation and Protective Order shall preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

**8.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

8.1     <u>Basic Principles</u>:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with these Actions only for this case or any related appellate proceeding. A Receiving Party may not use Protected Material for any other purpose, including, without limitation, any other litigation or any business or competitive function. Such Protected Material may be disclosed only to the categories of

persons and under the conditions described in this Order and may not be disclosed to the media. For purposes of this Stipulation and Protective Order, and specifically as utilized in the preceding sentence, "disclosed" or "disclose" shall mean any physical or electronic showing of the Protected Materials to any person, including communication in any form of the contents (in whole or in part) or existence of the Protected Materials. When this litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner ensuring that access is limited to the persons authorized under this Order.

8.2     Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, to whom it is reasonably necessary to disclose the information for these Actions;

(b)     the former and current officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for these Actions and who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1;

(c)     Any outside expert or consultant retained by the Receiving Party to assist in these actions, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-2; (b) such expert or consultant is not a current officer, director, or employee of a Party or any entity on the Restricted Competitors List, nor anticipated at the time of retention to become an officer, director or employee of a Party or any entity on the Restricted Competitors List; (c) such expert or consultant is not involved in competitive decision-making on behalf of a Party or any entity on the Restricted Competitors

List; and (d) such expert or consultant otherwise complies with the requirements set forth in Paragraphs 8.6 and 8.7 below;

(d)     any insurer or indemnitor of any defendant in these actions;

(e)     the Court and any mediators or arbitrators and their respective personnel;

(f)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for these Actions and who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1;

(g)     mock jurors, subject to the provisions of Paragraph 8.5 below; and

(h)     the author(s) and recipient(s) of the "CONFIDENTIAL" Material who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1;

(i)     any other person with the prior written consent of the Producing Party.

8.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for these Actions and who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1;

(b)     The Receiving Party's Outside Counsel of record in these Actions and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, to whom it is reasonably necessary to disclose the information for these Actions;

(c)     Any outside expert or consultant retained by the Receiving Party to assist in these actions, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-2; (b) such expert or consultant is not currently, and within the last two years prior to the date of retention as an Expert in these proceedings, was not an officer, director, or employee of a Party or any entity on the Restricted Competitors List, nor anticipated at the time of retention to become an officer, director or employee of a Party or any entity on the Restricted Competitors List; (c) such expert or consultant is not involved in competitive decision-making on behalf of a Party or any entity on the Restricted Competitors List; and (d) such expert or consultant otherwise complies with the requirements set forth in Paragraphs 8.6 and 8.7 below;

(d)     the Court, and any mediators or arbitrators, and their respective personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for these Actions and who have signed the  "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1; and

(f)     the author(s) and recipient(s) of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1.

8.4     General Procedure for Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:

(a)     Before any information or item designated "CONFIDENTIAL," or substance or summary thereof, shall be disclosed to the persons or entities identified in sub-paragraphs (b), (d), (f), (g), (h), and (i) of paragraph 8.2 above, the Parties are hereby ordered to tender a copy of this Stipulation and Protective Order to each such person and witness in order that each such entity or person to whom such disclosure of "CONFIDENTIAL" information or

item is made shall be on notice and fully informed that the existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her. Before any information or item designated "CONFIDENTIAL," or substance or summary thereof, is disclosed to any such person, each such person shall sign and abide by the terms of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit A-1, or, if the person to whom the "CONFIDENTIAL" information or item is to be disclosed is an Expert (as defined herein), that person shall sign and abide by the terms of the Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit A-2, and shall otherwise comply with the requirements of Paragraph 8.6. The person to whom the "CONFIDENTIAL" information or item is disclosed shall not give, show, or otherwise divulge any of the "CONFIDENTIAL" information or item to any entity or person except as specifically provided for by this Stipulation and Protective Order.

(b)     Before any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or substance or summary thereof, shall be disclosed to the persons or entities identified in sub-paragraphs (b), (c), (e) and (f) of paragraph 8.3 above, the Parties are hereby ordered to tender a copy of this Stipulation and Protective Order to each such person and witness in order that each such entity or person to whom such disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or item is made shall be on notice and fully informed that the existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her.   Before any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or substance or summary thereof, is disclosed to any such person, each such person shall sign and abide by the terms of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit A-1, or, if the person to whom the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or item is to be disclosed is an Expert, that person shall sign and abide by the terms of the Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached

hereto as Exhibit A-2, and shall otherwise comply with the requirements of Paragraph 8.6. The person to whom the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or item is disclosed shall not give, show, or otherwise divulge any of the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to any entity or person except as specifically provided for by this Stipulation and Protective Order.

        8.5      Procedure for Disclosure of "CONFIDENTIAL" Information or Items to Mock Jurors: A Receiving Party may disclose to mock jurors materials prepared by its outside counsel that are derived from information or items designated "CONFIDENTIAL" (but not materials that are derived from information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), so long as the derivative materials do not include the as-produced information itself. Before providing such material to a mock juror, the Receiving Party must, in compliance with Paragraph 8.4(a) above, tender a copy of this Stipulation and Protective Order to each mock juror in order that each person to whom such disclosure is made shall be on notice and fully informed that the existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her, as well as upon the Parties and their counsel. Before any materials prepared by outside counsel that are derived from information or items designated "CONFIDENTIAL" are disclosed to a mock juror, each such person shall sign and abide by the terms of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit A-1. The mock juror to whom the material is disclosed shall not give, show, or otherwise divulge any of the information contained therein to any entity or person except as specifically provided for by this Stipulation and Protective Order.

        8.6      Procedure for Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts: Before any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, or substance or summary thereof, shall be disclosed to an Expert, the Expert shall sign and abide by the terms of the "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached as Exhibit A-2, confirming that he or she is not presently employed by, and within the two years prior to the date of retention as an Expert

in these proceedings, has not been employed by, and has not provided any form of consulting services to, any of the entities identified on the Restricted Competitors List, and that he or she will not accept employment with, consult with, or provide services to, any of the entities identified on the Restricted Competitors List during the pendency of the Expert's retention in these proceedings.  An Expert may make an application to the Court with advance notice and based upon a showing of good cause for modification of, or relief from, the obligations of Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order (Exhibit A-2) prior to the review of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.

8.7    The Party's Counsel who discloses "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material shall be responsible for assuring compliance with the terms of this Stipulation and Protective Order with respect to persons to whom such Protected Material is disclosed and shall obtain and retain the originals of the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" and "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" executed by qualified recipients of Protected Material (if such execution was required by terms of this Stipulation and Protective Order).

## 9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in these actions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party in writing (by email, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or Court order.

The Receiving Party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Stipulation and Protective Order.  In addition, the

Receiving Party must deliver a copy of this Stipulation and Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in these actions to disobey a lawful directive from another court.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Receiving Party must immediately: (a) notify the Designating Party in writing of the unauthorized disclosure (by email, if possible) immediately and in no event more than three court days after learning of the disclosure; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" (Exhibit A-1). Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to maintain the disclosed document or information as Protected.

## 11. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in these actions. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. A Party who seeks to introduce Protected Material at a hearing, pretrial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the Party who designated the information as Protected Material requests the protection be continued, the Court will review the information to

determine if the information is entitled to continued protection.  Prior to disclosure of Protected Material at a hearing, the Producing Party may seek further protections against public disclosure from the Court.

## 12.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after the final termination of these Actions and upon receiving a written request to do so from the Producing Party or Designating Party, each Receiving Party must destroy all Protected Material, return it to the Producing Party, or make the Protected Material available for pick-up by the Producing Party.  As used in this order, "final termination" shall be deemed to be the later of (1) dismissal of all claims and defenses in these Actions, with or without prejudice, and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of these Actions, including the time limits for filing any motions or applications for extension of time pursuant to applicable laws.  As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed upon request by the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that represents that all Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product (but not document productions), even if such materials contain Protected Material, for archival purposes.  Any such copies of pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product that contain or constitute Protected Material remain subject to this Stipulation and Protective Order as set forth in Paragraph 4 (DURATION), above.

**13. <u>DISCOVERY FROM EXPERTS OR CONSULTANTS</u>**

(a)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(c)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 13 (a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

**14. <u>MISCELLANEOUS</u>**

14.1     <u>Right to Further Relief</u>:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2     <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this Protective Order, no Party waives any right it would otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation and Protective Order.

14.3     Computation of Time:  The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

14.4     Fact of Designation Not Admissible:  The fact of designation, or failure to designate, Disclosure or Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Stipulation and Protective Order shall not be admissible for any purpose in a trial on the merits or at any other proceeding other than at a proceeding arising from or related to this Stipulation and Protective Order.

14.5     Successors:  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, heirs, assigns, and employees.

14.6     The provisions of this Stipulation and Protective Order do not apply to any trial proceedings in these Actions.  The Parties will separately request the Court to enter an Order governing the handling of such materials at trial.

14.7     The Court shall retain jurisdiction to enforce the terms of this Stipulation and Protective Order.

14.8     Nothing in this Stipulation and Order shall alter the requirements for and scope of expert discovery in accordance with Federal Rule of Civil Procedure 26, local rules, and case law.

///

///

///

14.9     The procedures set forth in this Stipulation and Order shall apply to every action that is subject to this proceeding, whether filed in or transferred to this Court for so long as such actions are pending.

STIPULATED AND AGREED TO BY:

Dated: April 22, 2013

**MORRISON & FOERSTER LLP**
*Attorneys for Defendant*
APPLE INC.


By:  /s/ Penelope A. Preovolos
          Penelope A. Preovolos

Penelope A. Preovolos
PPreovolos@mofo.com
Tiffany Cheung, Esq.
TCheung@mofo.com
Suzanna P. Brickman, Esq.
SBrickman@mofo.com
San Francisco, California  94105
Telephone:  415.268.7000
Facsimile:  415.268.7522


Dated:   April 22, 2013

**BERMAN DEVALERIO**
*Liaison Counsel for Plaintiffs*


By:  /s/ Anthony D. Phillips
          Anthony D. Phillips

Joseph J. Tabacco, Jr.
jtabacco@bermandevalerio.com
Christopher T. Heffelfinger
cheffelfinger@bermandevalerio.com
Anthony D. Phillips
aphillips@bermandevalerio.com
One California St., Suite 900
San Francisco, California  94111
Telephone:  415.433.3200
Facsimile:  415.433.6382

Robert J. Axelrod, Esq.
rjaxelrod@pomlaw.com
**POMERANTZ GROSSMAN HUFFORD
DAHLSTROM & GROSS LLP**
600 Third Avenue
New York, New York  10016
Telephone:  212.661.1100
Facsimile:  212.661.1373

Judd B. Grossman, Esq. (*Pro Hac Vice*)
jgrossman@grossmanllp.com
**GROSSMAN LLP**
590 Madison Avenue, 18th Floor
New York, New York 10022
Telephone: 646.770.7445
Facsimile: 212.521.4044

Patrick J. Perotti (*Pro Hac Vice*)
Michael R. Rudick (*Pro Hac Vice*)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
Telephone: 440.352.3391
Facsimile: 440.352.3469

John A. Kithas (SBN 64284)
Chris D. Land (SBN 238261)
**LAW OFFICES OF JOHN A. KITHAS**
One Embarcadero Center, Suite 1020
San Francisco, California 94111
Telephone: 415.788.8100
Facsimile: 415.788.8001

### E-Filing Attestation

I, Anthony D. Phillips, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Penelope A. Preovolos has concurred in this filing.

/s/ Anthony D. Phillips
Anthony D. Phillips

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: _____     _____
                                  Hon. Lucy H. Koh
                                  United States District Judge

**EXHIBIT A-1**

**GENERAL ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Northern District of California on _____, 201__ in the consolidated case of *Herskowitz v. Apple Inc.*, Case No. 5:12-CV-02131-LHK, and *Juel v. Apple Inc.*, Case No. 5:12-CV-03124-RMW, pending in the Northern District of California.

I agree to comply with and be bound by all the terms of the Stipulation and Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of the Stipulation and Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Stipulation and Protective Order even if such enforcement proceedings occur after termination of this action.

Executed on at _____ at _____.

_____

Name:

Address:

# EXHIBIT A-2

## EXPERT/CONSULTANT ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare:

1.    I reside at _____.

2.    I have read the Stipulated Protective Order ("Order") in the consolidated case of *Herskowitz v. Apple Inc.*, Case No. 5:12-CV-02131-LHK, and *Juel v. Apple Inc.*, Case No. 5:12-CV-03124-RMW, pending in the Northern District of California.

3.    I am familiar with the contents of the Order and agree to comply and be bound by the provisions thereof.

4.    I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Order, any CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION obtained pursuant to the Order.

5.    By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Northern District of California for resolving any and all disputes regarding the Order and this Acknowledgment of Confidentiality.  I further agree that any and all disputes regarding the Order and this Acknowledgment of Confidentiality shall be governed by the laws of the State of California, and that the district court for the Northern District of California shall be the sole and exclusive venue for resolving any disputes arising from the Order and this Acknowledgment of Confidentiality.

6.    By signing below, I hereby confirm that I am not presently employed by, and within the two years prior to the date of retention as an Expert in these proceedings, have not been employed by, and have not provided any form of consulting services to, any of the entities identified on the Restricted Competitors List, and further agree that: (1) during the pendency of my retention as an Expert in this case, I shall not accept employment with, consult with, or provide services to any of the entities identified on the Restricted Competitors List; and (2) that I shall not at any time, either during the pendency of these proceedings or after conclusion of these

proceedings, use or divulge any of the CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION made available to me pursuant to the Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on at _____ at _____.

_____
Name:

Address: