1   PENELOPE A. PREOVOLOS (SBN 87607)
    PPreovolos@mofo.com
2   TIFFANY CHEUNG (SBN 211497)
    TCheung@mofo.com
3   SYLVIA RIVERA (SBN 223203)
    SRivera@mofo.com
4   SUZANNA P. BRICKMAN (SBN 250891)
    SBrickman@mofo.com
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482
    Telephone:     415.268.7000
7   Facsimile:     415.268.7522

8   *Attorneys for Defendant*
    APPLE INC.

9
    Joseph J. Tabacco, Jr., Esq. (SBN 75484)
10  jtabacco@bermandevalerio.com
    Christopher T. Heffelfinger, Esq. (SBN 118058)
11  cheffelfinger@bermandevalerio.com
    Anthony D. Phillips (SBN 259688)
12  aphillips@bermandevalerio.com
    BERMAN DEVALERIO
13  One California Street, Suite 900
    San Francisco, California  94111
14  Telephone: 415.433.3200
    Facsimile: 415.433.6382
15
    *Liaison Counsel for Plaintiffs*
16

17              **UNITED STATES DISTRICT COURT**

18             **NORTHERN DISTRICT OF CALIFORNIA**

                      **SAN JOSE DIVISION**
19

20  ROBERT HERSKOWITZ, et al.,          )   Case No. 12-CV-02131-LHK
                                        )   Case No. 12-CV-03124-LHK
21  _____ )
                                        )   **AGREED PROTECTIVE ORDER**
22  PHOEBE JUEL, et al.,                )   **REGARDING THE DISCLOSURE**
                                        )   **AND USE OF SOURCE CODE**
23                        Plaintiffs,   )
                                        )
24             v.                       )   Courtroom:    8, 4th Floor, San Jose
    APPLE INC.,                         )                 Hon. Lucy H. Koh
25                                      )
                          Defendant.    )
26                                      )
                                        )
27  _____ )

28

AGREED PROTECTIVE ORDER RE DISCLOSURE AND USE OF SOURCE CODE
CASE NOS. 5:12-cv-02131-LHK and 5:12-cv-03124-LHK

It is possible that documents, testimony, or information produced or disclosed during the course of this litigation may reflect "Source Code" as that term is defined below. Documents, testimony, or information reflecting Source Code are to be protected in the same manner as "Protected Material" as that term is set forth in the parties' Stipulated Protective Order (Dkt. No. 61), and are further subject to the additional protections provided in this Agreed Protective Order Regarding the Disclosure and Use of Source Code ("Source Code Protective Order"). The Plaintiffs Robert Herskowtiz and Phoebe Juel ("Plaintiffs") and Apple Inc. ("Apple") (collectively "the Parties") therefore request that the Court enter this Source Code Protective Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for entering the following Source Code Protective Order.

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in the above-captioned action may involve production of materials reflecting highly confidential, proprietary, and private Source Code (as that term is defined below) for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Further protection is warranted beyond the protection conferred by the Parties' Stipulated Protective Order (Dkt. No. 61) entered in this case. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Source Code Protective Order. Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this Action, or to obligate any Party to produce any Source Code.

## 2.   DEFINITIONS

2.1    Action:  The above-captioned action, presently pending in the United States District Court for the Northern District of California.

2.2    Counsel (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

2.3    Designating Party:  A Party or non-party that designates information or items it produces in disclosures or in responses to discovery as "HIGHLY CONFIDENTIAL - SOURCE

CODE INFORMATION."

2.4     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

2.5     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in these actions and who is not a past or a current employee of a Party or of any entity on the Restricted Competitors List and who, at the time of retention, is not anticipated to become an employee of a Party or any entity on the Restricted Competitors List. This definition includes any professional jury or trial consultant retained in connection with this litigation but does not include mock jurors. A list of Apple's restricted competitors was separately produced to Outside Counsel in connection with the Stipulated Protective Order (Dkt. No. 61).

2.6     In-House Counsel:  Attorneys who are employees of a Party.

2.7     "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" Items: Disclosure or Discovery Material that reflects, in whole or in part, Source Code (including source code and source code listings, object code and object code listings, executable code and similar sensitive software code, whether in electronic or printed form).

2.8     Outside Counsel:  Attorneys who are not employees of a Party but who are employed at law firms that appear on the pleadings as counsel for a Party in these actions.

2.9     Producing Party:  A Party or non-party that provides, produces, or makes available for inspection materials reflecting Source Code or items designated "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" in the course of this Action.

2.10    Receiving Party:  A Party that receives materials reflecting Source Code or items designated "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" provided, produced, or made available for inspection by a Producing Party in the course of this Action.

2.11    Source Code:  Any portion of computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of

object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

### 3.  SCOPE

Per Section 3 of the Stipulated Protective Order entered in this Action (Dkt. No. 61 at 4), this Source Code Protective Order shall govern any and all documents, data, information, interrogatory responses, deposition testimony, deposition transcripts, responses to requests for admission, and any other materials reflecting, in whole or in part, Source Code, including those designated as "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION."  The protections conferred by this Source Code Protective Order cover not only such materials, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations or presentations by Parties or Counsel to or in court or in other settings that might reveal material reflecting, in whole or in part, Source Code.

Nothing herein shall be construed to prevent a Producing Party from reviewing, using, or disclosing its materials reflecting Source Code, including those designated "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION," in any manner that it deems appropriate.

This Source Code Protective Order is without prejudice to the Parties' rights to propose, request, or otherwise move for different provisions relating to Source Code production and/or protection in any way, including, without limitation, an order that certain matter not be produced at all.

### 4.  DURATION

After the final termination of this Action, the confidentiality obligations imposed by this Source Code Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court otherwise directs.

### 5.  ACCESS TO AND USE OF MATERIALS REFLECTING SOURCE CODE

A Receiving Party may use materials reflecting Source Code, including those designated "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION," that are disclosed or produced by another Party or by a non-party in connection with this Action only for prosecuting, defending, or

attempting to settle this litigation.  A Receiving Party may not use materials reflecting Source Code, including those designated "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION," for any other purpose, including, without limitation, any other litigation or any business or competitive function.  Such materials may be disclosed only to the categories of persons and under the conditions described in this Order.  For purposes of this Source Code Protective Order, and specifically as utilized in the preceding sentence, "disclosed" or "disclose" shall mean any physical or electronic showing of the materials reflecting Source Code, including those designated "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION," to any person, including communication in any form of the contents (in whole or in part) or existence of the materials reflecting Source Code. When this litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Materials reflecting Source Code, including those designated "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION," must be stored and maintained by a Receiving Party at a location and in a secure manner ensuring that access is limited to the persons authorized under this Source Code Protective Order.

## 6.   DESIGNATING MATERIALS AS "HIGHLY CONFIDENTIAL – SOURCE CODE INFORMATION"

6.1      Procedures for Designating Material for Protection:  Any Party to this litigation, or any non-party, who produces Disclosure or Discovery Material that reflects, in whole or in part, Source Code, shall have the right to designate such material as "Highly Confidential – Source Code Information."  All material designated as "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" shall bear a legend on each page consistent with Sections 6.2(i) and (ii), below.  Further, all material designated as "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" consistent with this Source Code Protective Order shall be subject to the provisions of this Source Code Protective Order and shall be protected, used, handled, and disposed of in accordance with the provisions of this Source Code Protective Order.

Each Party or non-party that designates information or items for protection under this Source Code Protective Order must take care to limit any such designation to specific material

that qualifies under the appropriate standards set forth herein.  A Designating Party must take care to designate for protection only those materials, documents, items, or oral or written communications that so qualify.

6.2    <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Source Code Protective Order or as otherwise stipulated or ordered, material that qualifies for protection under this Source Code Protective Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Source Code Protective Order requires:

(i)    For Information in Documentary Form (apart from transcripts of depositions or other pretrial proceedings):  That the Producing Party affix the legend "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" on each page that reflects, in whole or in part, Source Code.  Where it is not possible to affix a legend to particular materials that reflect, in whole in part, Source Code, the Producing Party shall take reasonable steps to give all Receiving Parties notice of the materials' designation as "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION."  A Party or non-party that makes materials that reflect, in whole in part, Source Code available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and/or produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION."  After the inspecting Party has identified the documents it wants copied and/or produced, the Producing Party must determine which documents qualify for protection under this Source Code Protective Order.  Then, before producing the specified documents, the Producing Party must affix the "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" legend on each page that reflects, in whole in part, Source Code, except that multi-page documents may be designated in accordance with this paragraph.

(ii)    For Testimony Given in Deposition or in Other Pretrial Proceedings:  Subject to the conditions set forth in Section 9.3(xiv) below, any party offering or sponsoring

the testimony may identify on the record, before the close of the deposition, hearing or other proceeding, all protected testimony and may further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION."  Alternatively, within thirty (30) days of receipt of a transcript or recording of a deposition or other pretrial proceeding, the offering or sponsoring Party or non-party may designate such transcript or recording or any portion thereof as "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" by notifying all Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION."  All transcripts or recordings of depositions or other pretrial proceedings discussing, concerning, or relating to Source Code shall be treated as "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" for thirty (30) days after the receipt of the transcript or recording, or until written notice of a designation is received, whichever occurs first.  In the case of a non-party witness, testimony can be designated as containing "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" by a Party, the non-party witness, or upon agreement of the Parties.

In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Source Code Protective Order, substantially along the lines of "This videotape reflects highly proprietary and confidential source code information used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Source Code Protective Order in this matter or pursuant to written stipulation of the parties."

Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Source Code

1  Protective Order to receive or access materials reflecting, in whole or in part, Source

2  Code, based on the designation of such materials.  Such right of exclusion shall be

3  applicable only during periods of examination or testimony regarding such materials

4  reflecting, in whole or in part, Source Code.

5  (iii)  For Information Produced in a Form Other than Documentary, and for Any Other

6  Tangible Items:  The Producing Party shall affix in a prominent place on the exterior

7  of the container or containers in which the information or item is stored the legend

8  "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION."

9  (iv)  For Inspection of Things or Premises reflecting Source Code:  For inspection of things

10  or premises reflecting Source Code, governed by the provisions outlined in Section 9

11  below, the Producing Party shall state in writing prior to the inspection that "HIGHLY

12  CONFIDENTIAL - SOURCE CODE INFORMATION" will be revealed.

13  6.3  Inadvertent Failures to Designate and Redesignation:  A Producing Party that

14  inadvertently fails to designate Disclosure or Discovery Material as "HIGHLY

15  CONFIDENTIAL - SOURCE CODE INFORMATION" pursuant to this Source Code

16  Protective Order at the time of its production shall be able to make a correction to its

17  designation. Such failure shall be corrected by providing to the Receiving Party

18  written notice of the error and substituted copies of the inadvertently produced

19  materials.  Any party receiving such inadvertently unmarked Disclosure or Discovery

20  Materials shall, within five (5) days of receipt of the substitute copies, destroy or

21  return to the law firm representing the Producing Party all copies of such mis-

22  designated documents.  The Producing Party shall comply with Paragraph 6.2 when

23  redesignating Disclosure or Discovery Material as "HIGHLY CONFIDENTIAL -

24  SOURCE CODE INFORMATION."  Following any redesignation of Disclosure or

25  Discovery Material as "HIGHLY CONFIDENTIAL - SOURCE CODE

26  INFORMATION," the Party receiving such material shall take reasonable steps to

27  comply with the redesignation, including, without limitation, retrieving all copies and

28  excerpts of any redesignated material from persons not entitled to receive it as re-

designated.

A Receiving Party shall not be in breach of this Source Code Protective Order for any use of such inadvertently-non-designated or inadvertently-mis-designated material before the Receiving Party receives notice of the inadvertent failure to designate, unless an objectively reasonable person would have realized that the material should have been appropriately designated with a "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" designation under this Source Code Protective Order. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such material at the appropriately designated level pursuant to the terms of this Source Code Protective Order.

6.4     Challenging Source Code Designations:  Parties wishing to challenge materials designated as "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" may do so pursuant to the provisions outlined in the first paragraph of Section 7 of the Stipulated Protective Order entered in this Action (Dkt. No. 61).

The burden of persuasion in any challenge to a "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" designation shall be on the Designating Party.  Nothing in this Source Code Protective Order shall preclude or prejudice either party from arguing for or against any such designation, establishing any presumption that a particular designation is valid, or altering the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.  Until any such challenge is resolved, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

### 7.   DISCLOSURE OF DISCOVERY MATERIALS REFLECTING SOURCE CODE

7.1     Unless otherwise ordered by the Court, materials reflecting Source Code, in whole or in part, including those designated as "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION," shall be subject to the provisions set forth in Sections 8 and 9 below, and may

be disclosed, subject to Sections 8 and 9 below, solely to:

(i)   The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party (including those on Apple's Restricted Competitor List), and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)  Outside experts or consultants retained by the Receiving Party to assist in this Action, including his or her clerical and support staff (provided, however, that any support staff that provides professional technical, engineering, accounting, or financial support services shall not be included and must be separately disclosed). Any disclosure to such outside experts or consultants retained by the Receiving Party shall only be to the extent necessary to assist in this Action, and provided that:

(a)   Such expert or consultant has agreed to be bound by the provisions of the Source Code Protective Order by signing a copy of Exhibit A, as described below in Paragraph 7.3;

(b)   Such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party (including those listed on Apple's Restricted Competitor List), nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party (including those listed on Apple's Restricted Competitor List);

(c)   Such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party (including those listed on Apple's Restricted Competitor List);

(d)   Such expert or consultant has (1) been identified as an expert whose opinions may be presented at trial, or (2) is retained or specially employed

in anticipation of litigation or preparation of trial and who is not expected to be called as a witness at trial; and

    (e)    No unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 8 below.

(iii) Court reporters, stenographers and videographers retained to record testimony taken in this Action;

(iv) The Court, jury, and court personnel;

(v) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Source Code Protective Order; and

(vi) Any other person with the prior written consent of the Producing Party or by order of this Court.

    7.2    <u>Patent Prosecution Bar</u>:  Absent the written consent of the Producing Party, any person on behalf of the Plaintiff who receives one or more items reflecting, in whole or in part, Source Code, including those designated "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION," by Defendant shall not be involved, directly or indirectly, in any of the following activities:  (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of any technology reflected in or reasonably related to the subject matter of Source Code materials, before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of any technology reflected in or reasonably related to the subject matter of Source Code materials.  These prohibitions shall begin when access to Source Code materials are first received by the affected individual, and shall end two (2) years after the final resolution of this Action, including all appeals.

    7.3    Before any information or item designated "HIGHLY CONFIDENTIAL -

1   SOURCE CODE INFORMATION," or substance or summary thereof, shall be disclosed to the

2   persons or identified in Section 7.1 above, the Parties are hereby ordered to tender a copy of this

3   Source Code Protective Order to each such person and witness in order that each such entity or person

4   to whom such disclosure of material reflecting Source Code, in whole or in part, including those

5   designated "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION," information or

6   item is made shall be on notice and fully informed that the existence and substance of the Source

7   Code Protective Order is, and is intended to be, equally binding upon it, him or her.  Before any

8   information or item designated "HIGHLY CONFIDENTIAL - SOURCE CODE

9   INFORMATION," or substance or summary thereof, is disclosed to any such person, each such

10  person shall sign and abide by the terms of the General Acknowledgment of Confidentiality and

11  Agreement to Be Bound by Source Code Protective Order, attached hereto as Exhibit A.  The person

12  to whom the materials reflecting Source Code, in whole or in part, including those designated

13  "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION," are disclosed shall not give,

14  show, or otherwise divulge any of the information or item to any entity or person except as

15  specifically provided for by this Source Code Protective Order.

16       7.4     The Party's Counsel who discloses materials reflecting Source Code, in whole or in

17  part, including those designated "HIGHLY CONFIDENTIAL - SOURCE CODE

18  INFORMATION,"  shall be responsible for assuring compliance with the terms of this Source Code

19  Protective Order with respect to persons to whom materials reflecting Source Code are disclosed and

20  shall obtain and retain the originals of the General Acknowledgment of Confidentiality and

21  Agreement to Be Bound by Source Code Protective Order as signed by such persons.

22       **8.   <u>NOTICE OF DISCLOSURE AND OBJECTIONS TO PROPOSED</u>**

23       **<u>EXPERTS OR CONSULTANTS REVIEWING SOURCE CODE</u>**

24       8.1     Prior to disclosing any documents, information, or things  reflecting Source Code, in

25  whole or in part, including those designated "HIGHLY CONFIDENTIAL - SOURCE CODE

26  INFORMATION" to any expert or consultant as defined in Section 2.5 ("Person"), the Party

27  seeking to disclose such information shall provide the Producing Party with written notice that

28  includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an

identification of all of the Person's past and current professional or personal relationships with any named plaintiff in the Action; (iv) an up-to-date curriculum vitae of the Person listing such Person's education and experience; and (v) a list of the cases in which the Person has testified at deposition or trial, all companies for which the individual has provided consulting services, either directly or through a consulting firm, and all companies by which the individual has been employed, within the last five (5) years.    The Party seeking to disclose materials reflecting Source Code, in whole or in part, including those designated "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION," shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of such material to the Person.  For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.  Any information provided pursuant to this subsection, as appropriate, may itself be designated as material designated as "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION."  During the pendency of this Action, including all appeals, the Party seeking to disclose material designated as "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" shall immediately provide written notice of any change with respect to the Person's employment and consulting engagements.

8.2    A Party that makes a request and provides the information specified in the preceding Paragraph 8.1 may disclose the materials reflecting Source Code, in whole or in part, including those designated "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION," to the identified Person unless, within ten (10) days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.  In the absence of an objection before disclosure is permitted pursuant to Paragraph 8.2 above, the Person shall be deemed approved under this Source Code Protective Order.

8.3    If the Producing Party objects to disclosure, the Party shall deliver a written objection, and the parties shall meet and confer via telephone or in person within five (5) business

days following the objection to attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have twelve (12) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

8.4     An initial failure to object to a Person under this Paragraph 8.3 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

## 9.   INSPECTION AND REVIEW OF SOURCE CODE

9.1     Any Source Code that is produced by Plaintiffs shall be made available for inspection in electronic format at the office of its outside counsel, Berman Devalerio, One California Street, Suite 900, San Francisco, California 900, or any other location mutually agreed by the Parties.  Any Source Code that is produced by Apple Inc. will be made available for inspection at the San Francisco office of its outside counsel, Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105, or any other location mutually agreed by the Parties.  Source Code will be made available for inspection between the hours of 9 a.m. and 5 p.m. on business days (i.e., weekdays that are not Federal holidays).

9.2     Prior to inspecting any Source Code requested after February 12, 2014, the Receiving Party shall provide fourteen (14) days notice of the Source Code that it wishes to

inspect.  With respect to Source Code requested prior to February 12, 2014, the Parties agree

adequate notice has been provided.

9.3     Source Code that is designated "HIGHLY CONFIDENTIAL - SOURCE CODE

INFORMATION" shall be produced for inspection and review subject to the following

provisions, unless otherwise agreed by the Producing Party:

(i)     The Producing Party shall deliver one copy of the source

code files to the designated facility for review on the Source Code

Computer, as that term is defined below.  For purposes of clarity, the

Producing Party may provide the source code files in read-only form.

(ii)    All Source Code shall be made available by the Producing

Party to the Receiving Party's outside counsel and/or experts in a secure

room on a secured computer without Internet access or network access to

other computers and on which all access ports have been disabled (except

for one printer port), as mutually agreed to by the parties, and as necessary

and appropriate to prevent and protect against any unauthorized copying,

transmission, removal or other transfer of any Source Code outside or away

from the computer on which the Source Code is provided for inspection

(the "Source Code Computer" in the "Source Code Review Room").  The

Source Code Computer shall be produced, stored, and secured at the offices

of the Producing Party's outside counsel or such other appropriately secure

facility.  The Source Code Computer and/or external storage media used to

store the source code shall be password protected and, at the option of the

Producing Party, further protected using PGP encryption.  The Source

Code Computer shall run a reasonably current version of a mutually agreed

upon operating system such as Apple OS X, Microsoft Windows, Linux, or

SunOS.

(iii)   The Producing Party shall install tools that are sufficient for

viewing and searching the code produced, on the platform produced, if

such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  Specific tools may include, but are not limited to, multi-file text search tools such as "grep", dtSearch, Understand for Java, Understand for C, Visual Slick Edit, Source-Navigator, PowerGrep and ExamDiffPro or similar programs.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least twenty-one (21) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(iv)    No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(v)    The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(vi)    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or

1    transmitted in any way.

2            (vii)    No copies of all or any portion of the Source Code may

3    leave the room in which the Source Code is inspected except as otherwise

4    provided herein.  Further, no other written or electronic record of the

5    Source Code is permitted except as otherwise provided herein.  The

6    Producing Party shall make available a laser printer with commercially

7    reasonable printing speeds for on-site printing during inspection of the

8    Source Code.  The Receiving Party may print limited portions of the

9    Source Code provided that such portions:  (1) are relevant to the claims and

10   defenses in the case and are reasonably necessary for such purpose, and (2)

11   are necessary to prepare court filings or pleadings or other papers

12   (including a testifying expert's expert report).  The Receiving Party shall

13   not print Source Code in order to review blocks of Source Code elsewhere

14   in the first instance, i.e., as an alternative to reviewing that Source Code

15   electronically on the Source Code Computer, as the Parties acknowledge

16   and agree that the purpose of the protections herein would be frustrated by

17   printing portions of code for review and analysis elsewhere, and that

18   printing is permitted only when necessary to prepare court filings or

19   pleadings or other papers (including a testifying expert's expert report).

20   Any printed portion that consists of more than five (5) pages of continuous

21   Source Code shall be presumed to constitute a "block" of Source Code

22   printed for review elsewhere.

23           (viii)   Upon printing any such portions of Source Code, the printed

24   pages shall be collected by the Producing Party.  The Producing Party shall

25   Bates number, copy, and label "HIGHLY CONFIDENTIAL - SOURCE

26   CODE INFORMATION" any pages printed by the Receiving Party.

27   Within seven (7) days, the Producing Party shall either (i) provide one copy

28   set of such pages to the Receiving Party or (ii) inform the Requesting Party

that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.  The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this Action.

(ix)    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews Source Code.  All persons viewing Source Code shall sign on each day they access the Source Code Computer a log, maintained by the Receiving Party, that will include the names of persons who enter the locked room to access the Source Code Computer and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.  Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States or by the government of the United States.  Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(x)    Unless otherwise agreed upon in advance by the Parties in

writing, following each day on which inspection is done under this Source Code Protective Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(xi)     Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(xii)     The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 9.3(vii),  not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(xiii)     The Receiving Party's outside counsel of record and any person receiving a copy of any materials reflecting Source Code shall maintain and store any paper copies of the materials reflecting Source Code at their offices in a manner that prevents duplication of or unauthorized

access to the materials reflecting Source Code, including, without limitation, storing the materials reflecting Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of three (3) individuals identified by the Receiving Party shall have access to the printed portions of Apple Source Code (except insofar as such code appears in any court filing or expert report).

(xiv)    For depositions, the Receiving Party shall not bring copies of any printed materials reflecting Source Code.  Rather, at least three (3) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  Copies of materials reflecting Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of materials reflecting Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(xv)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party

reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, it shall do so in accordance with Section 12 of this Source Code Protective Order.  .  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials reflecting any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" as provided for in this Order.

**10. SOURCE CODE MATERIALS SUBPOENAED OR PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any materials reflecting Source Code, in whole or in part, including those designated "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION," the Receiving Party must so notify the Designating Party in writing (by fax or email, if possible) immediately and in no event more than seven court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or Court order.  The Receiving Party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of

the material covered by the subpoena or order is the subject of this Source Code Protective Order.  In addition, the Receiving Party must deliver a copy of this Source Code Protective Order promptly to the party in the other Action that caused the subpoena or order to issue.  The Receiving Party must also cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose materials reflecting Source Code may be affected.

The purpose of imposing these duties is to alert the interested parties to the existence of this Source Code Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection in that court of its materials reflecting Source Code.

## 11. <u>UNAUTHORIZED DISCLOSURE OF SOURCE CODE MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed materials reflecting Source Code to any person or in any circumstance not authorized under this Source Code Protective Order, the Receiving Party must immediately: (a) notify the Designating Party in writing of the unauthorized disclosure (by fax or email) immediately and in no event more than two court days after learning of the disclosure; (b) use its best efforts to retrieve all copies of the materials reflecting Source Code; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Source Code Protective Order; and (d) request such person or persons to execute the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Source Code Protective Order" (Exhibit A).

Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION."

## 12. <u>FILING SOURCE CODE MATERIAL</u>

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file any materials reflecting Source Code in the public record in this Action.  A Party that seeks to file under seal any materials reflecting Source Code must comply with Civil Local Rule 79-5 and General Order 62.  A Party who seeks to

introduce materials reflecting Source Code at a hearing, pretrial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the Party who designated the information as materials reflecting Source Code requests the protection be continued, the Court will review the information to determine if the information is entitled to continued protection.  Prior to disclosure of materials reflecting Source Code at a hearing, the Producing Party may seek further protections against public disclosure from the Court.

## 13. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after the final termination of this Action and upon receiving a written request to do so from the Producing Party or Designating Party, each Receiving Party will certify that:  (a) all printed copies of source code have been returned, with the exception of exhibits that were attached to filed pleadings or admitted into evidence; (b) any electronic storage or memory media which may reflect Source Code have been returned, fully reformatted, and/or destroyed; and (c) any access logs maintained by counsel have been archived along with counsel's other records from this litigation. Other than set forth in this subparagraph, counsel may not maintain a file copy of Source Code material.  As used in this order, "final termination" shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or review of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable laws.

## 14. **MISCELLANEOUS**

14.1    Right to Further Relief:  Nothing in this Source Code Protective Order abridges the right of any person to seek its modification by the Court in the future.

14.2    Right to Assert Other Objections:  By stipulating to the entry of this Source Code Protective Order, no Party waives any right it would otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Source Code Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Source Code Protective Order.

14.3 <u>Computation of Time</u>: The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

14.4 <u>Fact of Designation Not Admissible</u>: The fact of designation, or failure to designate, Disclosure or Discovery Materials as "HIGHLY CONFIDENTIAL - SOURCE CODE INFORMATION" pursuant to this Source Code Protective Order shall not be admissible for any purpose in a trial on the merits or at any other proceeding other than at a proceeding arising from or related to this Source Code Protective Order.

14.5 The provisions of this Source Code Protective Order do not apply to any trial proceedings in this Action. The Parties will separately request the Court to enter an Order governing the handling of such materials at trial.

14.6 The Court shall retain jurisdiction to enforce the terms of this Source Code Protective Order.

14.7 Nothing in this Source Code Protective Order shall alter the requirements for and scope of expert discovery in accordance with Federal Rule of Civil Procedure 26, local rules, and case law.

14.8 The procedures set forth in this Source Code Protective Order shall apply to every action that is subject to this proceeding, whether filed in or transferred to this Court for so long as such actions are pending.

Dated: February 14, 2014                          BERMAN DEVALERIO


                                                  By:   Anthony D. Phillips
                                                       Christopher T. Heffelfinger, Esq.
                                                       Joseph J. Tabacco, Jr., Esq.
                                                       jtabacco@bermandevalerio.com
                                                       Anthony D. Phillips
                                                       aphillips@bermandevalerio.com
                                                       One California St., Suite 900
                                                       San Francisco, California  94111
                                                       Telephone:  415.433.3200
                                                       Facsimile:  415.433.6382

                                                       *Liaison Counsel for Plaintiffs*

1    Dated: February 14, 2014                    MORRISON & FOERSTER LLP

2

3                                                By:    Suzanna P. Brickman
                                                        Penelope A. Preovolos, Esq.
4                                                       PPreovolos@mofo.com
                                                        Tiffany Cheung, Esq.
5                                                       TCheung@mofo.com
                                                        Sylvia Rivera
6                                                       SRivera@mofo.com
                                                        Suzanna P. Brickman, Esq.
7                                                       SBrickman@mofo.com
                                                        425 Market Street
8                                                       San Francisco, California  94105
                                                        Telephone:  415.268.7000
9                                                       Facsimile:  415.268.7522

10

11                            **ECF ATTESTATION**

12          I, Suzanna P. Brickman, am the ECF User whose ID and Password are being used to file
     this **AGREED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF**
13   **SOURCE CODE.**  In compliance with Civil Local Rule 5.1, I hereby attest that Anthony Phillips
     concurred in this filing.
14
     Dated: February 14, 2014                    By:   Suzanna P. Brickman
15                                                     Suzanna P. Brickman

16

17

18   **SO ORDERED.**

19   Dated:    February 18, 2014          By:    _Lucy H. Koh_
                                                 The Honorable Judge Lucy H. Koh.
20

21

22

23

24

25

26

27

28

# EXHIBIT A

## EXHIBIT A GENERAL ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY SOURCE CODE PROTECTIVE ORDER

I, _____, acknowledge and declare under penalty of perjury that I have received a copy of the Agreed Protective Order Regarding the Disclosure and Use of Source Code ("Source Code Protective Order") entered in Robert Herskowitz v. Apple Inc. and Phoebe Juel v. Apple Inc., United States District Court, Northern District of California, San Jose Division, Civil Action Nos. 12-CV-02131-LHK and 12-CV-03124-LHK. Having read and understood the terms of the Source Code Protective Order, I agree to be bound by the terms of the Source Code Protective Order.  I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt, and solemnly promise that I will not disclose in any manner any information or item that is subject to the Source Code Protective Order to any person or entity except in strict compliance with the provisions of the Source Code Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Source Code Protective Order even if such enforcement proceedings occur after termination of this action.

Executed on _____ at _____

Signature: _____


Name of individual: _____

Present occupation/job description: _____

Name of Company or Firm: _____

Address:_____