UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HERSKOWITZ, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br> v.<br><br>APPLE, INC.,<br><br>     Defendant. | Case Nos.: 12-CV-02131-LHK<br>     12-CV-03124-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL; GRANTING MOTION TO REMOVE INCORRECTLY FILED DOCUMENT |
| PHOEBE JUEL, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br> v.<br><br>APPLE, INC.,<br><br>     Defendant. | |

   Pending before the Court are administrative motions to file under seal documents related to Plaintiffs' motion for class certification, as well as Plaintiffs' Motion to Remove Incorrectly Filed Document. ECF Nos. 105, 156, 169, 184, 189. The Court GRANTS IN PART and DENIES IN PART the administrative motions to file under seal and GRANTS the Motion to Remove Incorrectly Filed Document for the reasons stated below.

1

Case Nos.: 12-CV-02131-LHK; 12-CV-03124-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL; GRANTING MOTION TO REMOVE INCORRECTLY FILED DOCUMENT

## I.   ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

To overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178-79 (internal quotation marks and citations omitted). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. (citing *Foltz*, 331 F.3d at 1136).

However, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted) (emphasis in original); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying a "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted). Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts,

2

Case Nos.: 12-CV-02131-LHK; 12-CV-03124-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL; GRANTING MOTION TO REMOVE INCORRECTLY FILED DOCUMENT

1  holding that "[a] trade secret may consist of any formula, pattern, device or compilation of
2  information which is used in one's business, and which gives him an opportunity to obtain an
3  advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th
4  Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the production of
5  goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ."
6  *Id.* In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial
7  documents from being used "as sources of business information that might harm a litigant's
8  competitive standing." *Nixon*, 435 U.S. at 598.

9  Even under the "good cause" standard of Rule 26(c), however, a party must make a
10 "particularized showing" with respect to any individual document in order to justify sealing the
11 relevant document. *Kamakana*, 447 F.3d at 1180; *San Jose Mercury News, Inc. v. U.S. Dist. Court,*
12 *N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by
13 specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc.*
14 *v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

15 The instant sealing motions all relate to Plaintiffs' Motion for Class Certification. "[T]he
16 Ninth Circuit has not yet addressed whether or not, or under what circumstances, a motion for class
17 certification is a dispositive motion for purposes of deciding what standard applies on sealing
18 motions[,] and . . . courts in this district have reached different conclusions." *Dugan v. Lloyds TSB*
19 *Bank, PLC*, No. 12-2549, 2013 WL 1435223 (N.D. Cal. Apr. 9, 2013) (internal quotation marks
20 omitted). This Court has noted that "the vast majority of other courts within this circuit" have
21 applied the "good cause" standard to class certification motions. *See In re High-Tech Emp.*
22 *Antitrust Litig.*, No. 11-2509, 2013 WL 5486230, at *2 n.1 (N.D. Cal. Sept. 30, 2013).
23 Nevertheless, this Court has also stated, "there may be circumstances in which a motion for class
24 certification is case dispositive." *Id.*

25 The Court finds that the class certification motion in this case is likely to be dispositive. As
26 the Eleventh Circuit has observed, a motion for class certification may be dispositive if "a denial of
27 class status means that the stakes are too low for the named plaintiffs to continue the matter."

28

*Prado v. Bush*, 221 F.3d 1266, 1274 (11th Cir. 2000). Here, the Court has denied class certification, *see* ECF No. 199, and Plaintiffs' individual damages claims are limited to refund requests for two song purchases in the amount of $1.29 and $.99. *See, e.g.*, Mot. for Class Certification, ECF No. 105-4 at 12. Damages this low strongly suggest that the stakes of this case following the Court's denial of class certification are now "too low for the named plaintiffs to continue the matter." *Prado*, 221 F.3d at 1274. Accordingly, the Court concludes that the "compelling reasons" standard should apply.[1] With this standard in mind, the Court rules as follows:

| Sealing Motion (ECF No.) | Document | Result |
| --- | --- | --- |
| 105 | Declaration of Judd B. Grossman in Support of Plaintiffs' Motion for Class Certification ("Grossman Decl.") Ex. 1 | GRANTED as to redactions contained in ECF No. 130-11. |
|  | Grossman Decl. Ex. 2 | GRANTED |
|  | Grossman Decl. Ex. 3 | GRANTED |
|  | Grossman Decl. Ex. 5 | GRANTED |
|  | Grossman Decl. Ex. 6 | GRANTED |
|  | Grossman Decl. Ex. 7 | GRANTED |
|  | Grossman Decl. Ex. 8 | DENIED AS MOOT, as Apple has withdrawn the confidentiality designation for this document. ECF No. 130 ¶ 14. |
|  | Grossman Decl. Ex. 9 | GRANTED |
|  | Grossman Decl. Ex. 10 | DENIED AS MOOT, as Apple has withdrawn the confidentiality designation for this document. ECF No. 130 ¶ 14. |

---

[1] The Court further observes that the Ninth Circuit has stated that whether a motion is dispositive or non-dispositive does not hinge solely on how the motion is formally classified. For instance, in *In re Midland Nat. Life Ins.*, 686 F.3d at 1119, the Ninth Circuit applied the "compelling reasons" standard to a *Daubert* motion, which is not ordinarily considered dispositive. The Ninth Circuit stated, "[t]hat the records are connected to a *Daubert* motion does not, on its own, conclusively resolve the issue. In some cases, such as this one, a *Daubert* motion connected to a pending summary judgment motion *may be effectively dispositive* of a motion for summary judgment." *Id.* (emphasis added and internal quotation marks omitted); *see also Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013) (citing *Midland* and stating that "[t]here may be exceptions to the Ninth Circuit's general rule that the 'good cause' standard applies to documents attached to motions that are nominally non-dispositive."); *Keirsey v. eBay, Inc.*, No. 12-1200, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11, 2013) ("[A] motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive. While the Court has not identified any authority discussing the appropriate standard for a motion of this type, the Court concludes that the 'compelling reasons' standard is the appropriate standard.").

4
Case Nos.: 12-CV-02131-LHK; 12-CV-03124-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL; GRANTING MOTION TO REMOVE INCORRECTLY FILED DOCUMENT

| | | |
|---|---|---|
| | Grossman Decl. Ex. 11 | GRANTED |
| | Grossman Decl. Ex. 12 | GRANTED |
| | Grossman Decl. Ex. 13 | GRANTED as to redactions contained in ECF No. 130-3. |
| | Grossman Decl. Ex. 14 | GRANTED |
| | Grossman Decl. Ex. 15 | GRANTED |
| | Grossman Decl. Ex. 16 | GRANTED |
| | Grossman Decl. Ex. 17 | GRANTED |
| | Grossman Decl. Ex. 18 | DENIED AS MOOT, as Apple has withdrawn the confidentiality designation for this document. ECF No. 130 ¶ 14. |
| | Grossman Decl. Ex. 19 | GRANTED |
| | Grossman Decl. Ex. 20 | GRANTED as to redactions contained in ECF No. 130-6 |
| | Grossman Decl. Ex. 21 | GRANTED |
| | Grossman Decl. Ex. 22 | DENIED AS MOOT, as Apple has withdrawn the confidentiality designation for this document. ECF No. 130 ¶ 14. |
| | Grossman Decl. Ex. 23 | GRANTED |
| | Grossman Decl. Ex. 24 | GRANTED |
| | Grossman Decl. Ex. 25 | GRANTED |
| | Grossman Decl. Ex. 26 | GRANTED |
| | Grossman Decl. Ex. 27 | DENIED AS MOOT, as Apple has withdrawn the confidentiality designation for this document. ECF No. 130 ¶ 14. |
| | Grossman Decl. Ex. 28 | GRANTED |
| | Grossman Decl. Ex. 29 | GRANTED |
| | Grossman Decl. Ex. 30 | GRANTED as to redactions contained in ECF No. 130-13 |
| | Grossman Decl. Ex. 31 | GRANTED |
| | Grossman Decl. Ex. 32 | GRANTED |
| | Grossman Decl. Ex. 33 | GRANTED |
| | Grossman Decl. Ex. 34 | GRANTED |
| | Grossman Decl. Ex. 35 | GRANTED |
| | Grossman Decl. Ex. 36 | GRANTED as to redactions contained in ECF No. 130-14 |
| | Grossman Decl. Ex. 37 | GRANTED as to redactions contained in ECF No. 130-15 |
| | Grossman Decl. Ex. 38 | GRANTED as to redactions contained in ECF No. 130-16 |
| | Grossman Decl. Ex. 39 | GRANTED as to redactions contained in ECF No. 130-17 |
| | Grossman Decl. Ex. 40 | GRANTED as to redactions contained in ECF No. 130-18 |
| | Grossman Decl. Ex. 41 | GRANTED as to redactions contained in ECF No. 130-7 |

5
Case Nos.: 12-CV-02131-LHK; 12-CV-03124-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL; GRANTING MOTION TO REMOVE INCORRECTLY FILED DOCUMENT

|   | | |
|---|---|---|
|   | Grossman Decl. Ex. 42 | GRANTED as to redactions contained in ECF No. 130-8 |
|   | Grossman Decl. Ex. 43 | GRANTED as to redactions contained in ECF No. 130-9 |
|   | Grossman Decl. Ex. 44 | GRANTED |
|   | Grossman Decl. Ex. 45 | GRANTED as to redactions contained in ECF No. 130-19 |
|   | Grossman Decl. Ex. 46 | GRANTED as to redactions contained in ECF No. 130-20 |
|   | Grossman Decl. Ex. 47 | GRANTED |
|   | Grossman Decl. Ex. 48 | GRANTED |
|   | Grossman Decl. Ex. 49 | GRANTED |
|   | Grossman Decl. Ex. 50 | GRANTED as to redactions contained in ECF No. 130-10 |
|   | Grossman Decl. Ex. 51 | GRANTED |
|   | Grossman Decl. Ex. 52 | GRANTED |
|   | Grossman Decl. Ex. 53 | GRANTED |
|   | Grossman Decl. Ex. 54 | GRANTED as to redactions contained in ECF No. 130-21 |
|   | Grossman Decl. Ex. 55 | GRANTED as to redactions contained in ECF No. 130-22 |
|   | Grossman Decl. Ex. 56 | GRANTED as to redactions contained in ECF No. 130-23 |
|   | Grossman Decl. Ex. 57 | GRANTED as to redactions contained in ECF No. 130-24 |
|   | Grossman Decl. Ex. 58 | GRANTED as to redactions contained in ECF No. 130-25 |
|   | Grossman Decl. Ex. 59 | GRANTED as to redactions contained in ECF No. 130-26 |
|   | Grossman Decl. Ex. 60 | GRANTED as to redactions contained in ECF No. 130-27 |
|   | Grossman Decl. Ex. 61 | GRANTED |
|   | Grossman Decl. Ex. 62 | GRANTED |
|   | Grossman Decl. Ex. 63 | GRANTED |
|   | Grossman Decl. Ex. 64 | GRANTED |
|   | Grossman Decl. Ex. 65 | GRANTED |
|   | Grossman Decl. Ex. 66 | GRANTED |
|   | Grossman Decl. | GRANTED as to redactions contained in ECF No. 130-29 |
|   | Plaintiffs' Motion for Class Certification | GRANTED as to pp. 5:4-12; 6:5-19; 6:24-26; 7:1-2; 7:9; 7:13-14; 8:15-16; 14:1; and nn. 1, 15, 19. The Motion to Seal is also GRANTED as to the description of Exhibit 51 in footnote 21.<br><br>DENIED as to 1:22-23; 4:17-19; 5:18-20; 6:20-23; 7:10-11; 7:15-16; 8:1-2; 8:10-14; |

6
Case Nos.: 12-CV-02131-LHK; 12-CV-03124-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL; GRANTING MOTION TO REMOVE INCORRECTLY FILED DOCUMENT

| | | |
|---|---|---|
| | | 9:8-20; 10:5-23; 11:2-12; 12:20-24; 14:5-7; 14:11-17; 21:6-8; and nn. 17, 18, 22, 37, 80, 81. The Motion to Seal is also DENIED as to the description of Exhibit 52 in footnote 21. |
| 156 | Declaration of Larry Phillips in Support of Apple's Opposition to Class Certification ("Phillips Decl.") Ex. 3 | GRANTED |
| | Phillips Decl. Ex. 4 | GRANTED |
| | Phillips Decl. Ex. 5 | GRANTED |
| | Phillips Decl. Ex. 6 | GRANTED |
| | Phillips Decl. Exs. 7-32 | GRANTED |
| | Phillips Decl. ¶¶ 6-10, 11-12, 19, 28-31, 37, ¶ 46 | GRANTED |
| | Declaration of Christopher Wysocki in Support of Apple's Opposition to Class Certification (Wysocki Decl.") ¶¶ 3-5 | GRANTED |
| | Declaration of Winston Krone in Support of Apple's Opposition to Class Certification ("Krone Decl.") ¶ 66 | GRANTED |
| | Krone Decl. ¶¶ 5, 7, 10, 13-27, 32, 34-37, 40-41, 43-45, 51-52, 57-65, 68-71, 74-75 | DENIED |
| | Declaration of Kishore Karkera in Support of Apple's Opposition to Class Certification ("Karkera Decl.") ¶¶ 8, 11, 12, 14 & n.2 | GRANTED as to paragraphs 12 and 14 and note 2; DENIED as to paragraphs 8 and 11. |
| | Declaration of Roozbeh Ghaffari in Support of Apple's Opposition to Class Certification ("Ghaffari Decl.") ¶¶ 9, 13-14; Ex. 1 | GRANTED as to Exhibit 1; DENIED as to paragraphs 9, 13, and 14 |
| | Declaration of Suzanna Brickman in Support of Apple's Opposition to Class Certification ("Brickman Decl.") Exs. 2, 5 | DENIED |
| | Brickman Decl. Ex. 4 | DENIED |
| | Apple's Opposition to Class Certification | GRANTED as to pp. 5:19-24; and nn. 8, 9.<br><br>DENIED as to pp. i:18-19; 2:5; 2:21-24; |

7

Case Nos.: 12-CV-02131-LHK; 12-CV-03124-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL; GRANTING MOTION TO REMOVE INCORRECTLY FILED DOCUMENT

| | | |
|---|---|---|
| | | 4:25-28; 5:7-8; 5:13-14; 6:18-20; 8:11-14; 10:9; 11:7; 11:9-10; 11:11-14; 11:16; 12:6-9; 12:10-12; 12:13-16; 13:7-11; 13:21-22; 14:2-4; 17:21-23; 18:17-19; 21:17-18; 23:1-2 and nn. 3, 5, 7, 10, 11, 12, 13, 18, 21. |
| 169 | Declaration of Judd B. Grossman in Support of Plaintiffs' Reply in Support of Class Certification ("Grossman Reply Decl.") Ex. A | GRANTED |
| | Grossman Reply Decl. Ex. B | GRANTED |
| | Grossman Reply Decl. Ex. C | DENIED. Apple's request to seal the entirety of the Deposition of Colin Meldrum is substantially overbroad. |
| | Grossman Reply Decl. Ex. D | GRANTED as to redactions contained in ECF No. 177-4 |
| | Grossman Reply Decl. Ex. E | GRANTED as to redactions contained in ECF No. 177-6 |
| | Grossman Reply Decl. Ex. F | DENIED |
| | Grossman Reply Decl. Ex. G | GRANTED as to redactions contained in ECF No. 177-8 |
| | Grossman Reply Decl. Ex. H | GRANTED as to redactions contained in ECF No. 177-10 |
| | Grossman Reply Decl. Ex. I | GRANTED as to redactions contained in ECF No. 177-12 |
| | Grossman Reply Decl. Ex. J | GRANTED as to redactions contained in ECF No. 177-14 |
| | Grossman Reply Decl. Ex. K | DENIED. Apple's request to seal the entirety of the Deposition of Kishore Karkera is substantially overbroad. |
| | Grossman Reply Decl. Ex. L | GRANTED as to redactions contained in ECF No. 177-16 |
| | Grossman Reply Decl. Ex. M | GRANTED as to redactions contained in ECF No. 177-18 |
| | Grossman Reply Decl. Ex. N | GRANTED as to redactions contained in ECF No. 177-2 |
| | Grossman Reply Decl. Ex. O | DENIED AS MOOT, as Apple has withdrawn the confidentiality designation for this document. ECF No. 177 ¶ 15. |
| | Grossman Reply Decl. Ex. R | GRANTED |
| | Grossman Reply Decl. Ex. S | DENIED |
| | Grossman Reply Decl. Ex. T | GRANTED as to redactions contained in ECF No. 177-20 |
| | Grossman Reply Decl. Ex. U | DENIED AS MOOT, as Apple has withdrawn the confidentiality designation for this document. ECF No. 177 ¶ 15. |
| | Grossman Reply Decl. | GRANTED as to redactions contained in |

**United States District Court**
For the Northern District of California

| | | ECF No. 177-24 |
|---|---|---|
| | Plaintiffs' Reply in Support of Class Certification | GRANTED as pp. 1:4-5; 1:18-19 and nn. 20, 31.<br><br>DENIED as to pp. 2:1; 2:9; 2:18-20; 3:1; 3:16-20; 3:24-25; 4:4-8; 4:12-19; 4:22-23; 6:8; 6:11-21; 7:1-6; 7:11-14; 11:5-6; 11:8-10; 12:6-7; 13:1-3; 13:19-20; 14:1; and nn. 4, 5, 9, 14, 15, 16, 17, 18, 33. |
| 184 | Declaration of Frank A. Bartela in Support of Plaintiffs' Opposition to Apple's Motion for Leave to File Surreply Declaration, Ex. A | GRANTED |
| 189 | Plaintiffs' Opposition to Apple's Motion for Leave to File Surreply Declaration, page 2:6-10 | GRANTED |

## II. MOTION TO REMOVE INCORRECTLY FILED DOCUMENT

Also pending is Plaintiffs' Motion to Remove Incorrectly Filed Document. ECF No. 189. This Motion results from an error in redactions in the filing process, and the document subject to this Motion has been locked by the Clerk. The Motion is unopposed. Accordingly, the Court GRANTS the Motions to Remove Incorrectly Filed Document.

## III. CONCLUSION

For the foregoing reasons, the administrative motions to seal are GRANTED IN PART and DENIED IN PART. This denial is WITH PREJUDICE, except as to Apple's requests to seal the depositions of Colin Meldrum and Kishore Karkera, which are Grossman Reply Declaration Exhibits C and K, which are denied WITHOUT PREJUDICE. Apple may file an amended motion to seal these two exhibits within seven days of this Order. The Motion to Remove Incorrectly Filed Document is GRANTED.

**IT IS SO ORDERED.**

Dated: August 7, 2014

*Lucy H. Koh*
LUCY H. KOH
United States District Judge